STATE of Missouri,
Plaintiff-Respondent,

v.

Richard TRAVIS, Defendant-Appellant.

No. 43159.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 22, 1981.

Robert C. Babione, Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

PUDLOWSKI, Judge.

This is an appeal by defendant, Richard B. Travis, in a court tried case, from a judgment of conviction entered by the circuit court of the City of St. Louis for stealing a motor vehicle, § 570.030, RSMo 1978, and a sentence of 7 years in the custody of the Division of Corrections.

Defendant alleges that the trial court erred in admitting into evidence portions of oral and written statements by defendant in which defendant admitted the theft of two automobile batteries, on the grounds that the admissions constitute evidence of other crimes, and this violates the defendant's right to be tried only for the offense for which he is indicted.

On October 29, 1978, a 1966 Chevrolet owned by Jack McGah was stolen. On November 1, 1979, the defendant was observed by two police officers driving the stolen vehicle. Defendant was apprehended, and advised of his Miranda rights at the police station. Subsequently, defendant agreed to make an oral and written statement. In those statements defendant admitted stealing the vehicle owned by Jack McGah, and two automobile batteries. Defendant was charged with stealing a motor vehicle. At trial police officer David Lineback testified that during his oral statement defendant admitted stealing two batteries which were found in the stolen vehicle. The testimony of police officer Neil Curlander corroborates the testimony of Officer Lineback with respect to the stolen batteries and defendant's admissions. Defense counsel objected to this testimony on relevancy grounds, and was overruled by the trial judge. Judgment was rendered against defendant, and this appeal followed.

■ The general rule is that proof at trial of the commission of crimes for which the defendant is not indicted is inadmissible, unless the evidence has some legitimate tendency to prove an element of the crime charged. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (1954). Defendant contends that the general rule applies in this

case, and that there is no legitimate purpose for which the evidence was offered. To decide this case, however, we need not determine whether a legitimate purpose for the evidence exists. The answer lies in the fact that this case was tried by the court, without a jury.

 The underlying rationale for the general rule against proof of uncharged crimes is that "... the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." *State v. Reese, supra.* In this case, however, there was no jury. The rules for the exclusion of evidence are largely a product of the jury system, "the purpose of which is to keep from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question involved...." *State v. Whaley,* 512 S.W.2d 431, 435 (Mo.App.1974). In a jury waived case, however, it is presumed that the court will not be confused or misled, and that the court will only consider the evidence which is competent and relevant. *State v. Leigh,* 580 S.W.2d 536, 545 (Mo. App.1979).

> In a jury-waived case a certain amount of latitude in the admission of evidence is allowed, and even where an error is made in the admission of some evidence, except where the trial court relied on that evidence in arriving at its findings of fact and conclusions of law, such error is ordinarily held to be non-prejudicial.

*State v. Leigh, supra.*

 There is absolutely no evidence in the record before us that the experienced and knowledgeable trial judge relied on the testimony of the two police officers with respect to the stolen batteries in rendering his judgment against the defendant. Even if we were to assume without deciding that the trial court erred in allowing this testimony on the stolen batteries, the error is non-prejudicial and harmless. Consequently we reject defendant's claim.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.