STATE of Missouri, Respondent,

v.

Robert E. DEAVER, Appellant.

Nos. WD34181, WD34198.

Missouri Court of Appeals,
Western District.

Nov. 15, 1983.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Dec. 28, 1983.

James W. Fletcher, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Defendant appeals his convictions of sexual abuse in the first degree and sexual abuse in the second degree. The cases were tried in one proceeding. The single issue presented is the propriety of rebuttal evidence by the state of commission of another sexual offense by the defendant at a different time and with a different person.

The defendant was charged with sexual contact with one eleven-year-old girl and one twelve-year-old girl. By agreement of the parties, the cases were heard jointly by the trial court sitting without a jury. The defendant was an instructor in horseback riding, and the two girls were pupils. The two girls testified to incidents of sexual contact while at the defendant's home for the purpose of those lessons. The defendant testified in his own behalf and denied any sexual contact with the two girls named in the information. During the cross examination of the defendant, the state asked specifically if the defendant had ever had sexual intercourse with J.L., another pupil of the defendant. The defendant denied any sexual contact with J.L. with the single word, "Never." The state

then offered in rebuttal the testimony of J.L., who testified to events occurring in January through April of 1980, the instant offenses having been alleged to have occurred in July of 1981. The testimony of J.L. was to the effect that the defendant had raped her on ten occasions during that period of time in 1980.

There was no objection to the testimony, and there is, of course, no motion for new trial in this court-tried case. The defendant raises the issue of the inadmissibility of the testimony of the witness, J.L., as plain error.

In *State v. Negron,* 374 S.W.2d 622 (Mo. App.1963), this court held that testimony of another separate sexual offense twenty days before the date of the offense alleged in the information was plain error requiring reversal. The state counters the claim of plain error by asserting that the defendant injected the issue of sexual misconduct with J.L. and that, therefore, the state was entitled to rebut that testimony to impeach the defendant's testimony concerning his conduct with J.L. Cited in support are a number of cases: *State v. Wilson,* 320 S.W.2d 525 (Mo.1959); *State v. King,* 342 Mo. 975, 119 S.W.2d 277 (1938); *State v. Panter,* 536 S.W.2d 481 (Mo.App.1976); *State v. Winters,* 525 S.W.2d 417 (Mo.App.1975); *State v. Ward,* 622 S.W.2d 354 (Mo.App.1981); *State v. Payton,* 559 S.W.2d 551 (Mo.App. 1977).

All of the cases cited by the state are cases in which the defendant volunteered or under direct examination by his own counsel denied involvement with the third person, thereby injecting in the case, on his own volition, the issue of such other misconduct. Those cases are factually inapposite to the instant case where the state injected the issue on cross examination and then sought to impeach. Both the question to the defendant and the rebuttal testimony were improper.

The more difficult issue is the effect of this error in a court-tried case. The general rule with respect to the erroneous admission of evidence in a bench trial was articulated in *State v. Leigh,* 580 S.W.2d 536, 545 (Mo. App.1979), *rev'd on other grounds, Leigh v. State,* 639 S.W.2d 406 (Mo.App.1982):

In a jury-waived case a certain amount of latitude in the admission of evidence is allowed, and *even where an error is made in the admission of some evidence, except where the trial court relied on that evidence in arriving at its findings of fact and conclusions of law, such error is ordinarily held to be non-prejudicial.* This is so because the rules of exclusion in the law of evidence as applied in a court of law are largely as a result of the jury system and serve the purpose of keeping from the jury all irrelevant and collateral matters which might tend to confuse them or mislead them from a consideration of the real question in issue; when an action is to the court sitting without a jury, the rules of exclusion are less strictly enforced. *State v. Whaley,* 512 S.W.2d 431, 435[7] (Mo.App.1974). *It is assumed that the trial court will not be confused or misled by what is irrelevant and incompetent.* There is no rule of law which requires the court to consider immaterial and incompetent evidence, although admitted in the case; on the contrary, it should be disregarded by the court and it will be *presumed that the court in determining the case will consider only such evidence as is competent and relevant.*

(Emphasis added).

The rationale in *Leigh* assumes that the trial judge will recognize and disregard the improper evidence. Implicit in this rationale is the corollary that if the questioned evidence is essential for the finding supporting the judgment, the court relied upon the evidence.

A recent Missouri case involving a similar evidentiary question in a court-tried case is a case from the Eastern District, *State v. Travis,* 625 S.W.2d 630 (Mo.App.1981). In that case two police officers testified that the defendant, on trial for stealing an automobile, had made an oral admission soon

after his arrest to stealing two automobile batteries. The defendant argued that this evidence of other crimes was not offered for any legitimate purpose and was therefore inadmissible. The court noted:

> To decide this case, however, we need not determine whether a legitimate purpose for the evidence exists. The answer lies in the fact that this case was tried by the court, without a jury.
>
> The underlying rationale for the general rule against proof of uncharged crimes is that '... the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors.' *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 ( [banc] 1954).

*Travis, supra,* 625 S.W.2d at 631. After quoting in part from the above cited language in *Leigh* about a court considering only relevant evidence in a court-tried case, the opinion concluded:

> There is absolutely no evidence in the record before us that the experienced and knowledgeable trial judge relied on the testimony of the two police officers with respect to the stolen batteries in rendering his judgment against the defendant. Even if we were to assume without deciding that the trial court erred in allowing this testimony on the stolen batteries, the error is non-prejudicial and harmless. Consequently we reject the defendant's claim.

*Travis, supra,* 625 S.W.2d at 631.

The rule in *Leigh* is couched in terms of assumption or presumption. Only if there was an indication that the improper evidence was relied upon by the trial judge or in the event that the improperly admitted evidence was necessary to prove a submissible case will reversal be justified.

There is nothing to suggest that the trial judge relied upon the challenged evidence in this case, and the record aside from evidence of other crimes is sufficient to sustain the conviction.

The judgments and convictions are affirmed.

All concur.