**Cornell WATSON, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 47252.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1984.

James B. Phillips, Office of the Special Assistant Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to robbery in the first degree, a violation of § 569.020, RSMo. 1978. His plea followed extensive questioning by the court, in which movant admitted that he and another man approached their victim, an insurance salesman who regularly collected premiums in the neighborhood, as the man entered his automobile. The accomplice planned the robbery to coincide with the victim's collection schedule. Defendant knew, before commission of the crime, that his accomplice intended to use an automatic pistol in his possession. To carry out the robbery, defendant wore a ski mask; his accomplice flourished the weapon. They fled with the victim's money after the weapon discharged and wounded the accomplice. Both were apprehended in short order.

Based on this evidence and further questioning, the court found the plea factually supported and freely and voluntarily made. After a pre-sentence investigation, movant was sentenced pursuant to a plea bargain agreement to the statutory minimum of ten years' imprisonment.

Movant challenges the trial court's denial of an evidentiary hearing on his motion, which alleged that his guilty plea was involuntary. His argument is two fold: that his plea was prompted by fear that his attorney was unprepared for trial, and that counsel's instruction as to how to respond to hearing questions rendered the plea involuntary.

To be entitled to an evidentiary hearing movant must allege facts, not conclusions, which are not refuted by the record and which, if true, resulted in prejudice. *Kearns v. State*, 583 S.W.2d 748, 750 (Mo.App.1979). Denial of an evidentiary hearing is proper where the record of the

guilty plea hearing establishes that the accused knowingly and voluntarily pled guilty. *Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980). Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.-26(j).

 Here, movant charges that he met with counsel twice and that at the latter meeting, his counsel noted the likelihood of conviction and advised that he plead guilty. As a result, movant claims he believed counsel was unprepared for trial. Movant makes no allegation of a defense which, with further efforts on the part of his attorney, could have proved successful at trial. Indeed, movant told the court that his only possible witness was his co-defendant. The record of movant's guilty plea hearing establishes that, rather than prompted by a lack of preparation, defendant's guilty plea followed consultation with counsel in which he was fully apprised of the circumstances surrounding his case. Consequently, his plea was freely and knowingly entered.

In this regard, movant indicated that he had discussed the charge with his attorney and told her of all facts and circumstances surrounding the offense. Moreover, he had sufficient time to discuss the case with his attorney, and had been fully advised by counsel of all aspects of the case, including his legal rights. He confirmed that his attorney had not failed or refused to do anything in the preparation or investigation of his case. When asked if anyone had threatened or coerced him into pleading guilty, he clearly stated "it was my decision." Movant possessed the opportunity to complain about his attorney's representation, but instead he indicated that counsel had adequately represented his interests and had been "more than cooperative." Since the record is replete with such evidence to refute movant's allegation, we rule this point against movant.

Movant, in his motion, also alleges that his "attorney instructed movant exactly what answers to give the judge for the plea to be accepted and movant gave those answers ...." Movant makes no allegation that the answers given were false. An attorney's instruction as to how to answer the court's questions, standing alone, does not taint the voluntariness of the guilty plea. *Williams v. State*, 560 S.W.2d 887, 888 (Mo.App.1978); *Blade v. State*, 558 S.W.2d 352, 355 (Mo.App.1977). Therefore, defendant's allegations are insufficient to entitle him to a hearing.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.