STATE of Missouri, Plaintiff-Respondent,

v.

James Benny JOHNSON, Defendant-Appellant.

No. 13657.

Missouri Court of Appeals, Southern District, Division Three.

Feb. 1, 1985.

John D. Ashcroft, Atty. Gen., Mary Elise Burnett, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

GREENE, Judge.

Defendant, James Benny Johnson, was charged with, court-tried, after waiving trial by jury, and convicted of the class A felony of rape, § 566.030.3, .4, RSMo 1978 (amended 1980), and thereafter sentenced to 20 years' imprisonment for the commission of the crime.

The particulars of the charge were that Johnson had sexual intercourse with I.M.B., to whom Johnson was not married, and who was less than 14 years old, by use of forcible compulsion, and that in the course of such offense, Johnson displayed a deadly weapon in a threatening manner.

The sole point raised by Johnson in his appeal is that the trial court erred in overruling his motion for judgment of acquittal filed at the close of all of the evidence because the evidence was insufficient as a matter of law to support the judgment. Johnson alleges that I.M.B.'s testimony was legally insufficient to sustain the conviction because her testimony at trial was contradictory and unconvincing, and was not corroborated.

■ We view the evidence and all favorable inferences drawn therefrom in the light most favorable to the state, disregarding all evidence and inferences to the contrary. *State v. Cooper*, 673 S.W.2d 848, 849 (Mo.App.1984). We also note that the uncorroborated testimony of a rape victim will ordinarily sustain a rape conviction, *State v. Chamberlain*, 648 S.W.2d 238, 240 (Mo.App.1983), and that corroboration of her testimony is only required when the victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances, and common experience as to be doubtful and unconvincing. *State v. Harris*, 620 S.W.2d 349, 353 (Mo. banc 1981).

■ Keeping these principles in mind, evidence that sustains the judgment is as follows. I.M.B. is a 13 year old girl. Johnson, a 32 year old male, is six feet tall and weighs 210 pounds, and is an intimate friend of the little girl's older sister. On the afternoon preceding the incident in question, Johnson and two friends were "messing around," and "drinking beer and stuff." About 9 P.M., Johnson and one of his friends went to the home of I.M.B.'s sister where they continued "drinken' and what have you." Johnson was drunk, and did not remember much of what went on. Johnson's friend left. I.M.B.'s older sister went upstairs to sleep. Johnson continued drinking at the kitchen table. The little girl started to go to bed in a downstairs bedroom. Johnson told her not to lock the door. She was afraid of Johnson, who had displayed a gun earlier, and said "he felt like killin' everyone in the house."

I.M.B. put on her pajamas over her underwear and got in bed. Shortly thereafter, Johnson came in the bedroom, laid a gun and knife on the floor and threatened to cut her throat. Through fear of force, she submitted to sexual intercourse. Johnson then told her to go upstairs. She complied, and slept with her nieces, who were her sister's children. The next morning, Johnson told her if she told anyone, he would hurt her.

Instead of going to school, she went home and told her brother what had happened. He called family friends. One of the friends, who was a nurse, came to the home. She observed that the little girl was crying, sobbing, and saying, "He made me do it." The victim, who was in a hysterical state was taken to the hospital, where a doctor found swelling in her vaginal area. A vaginal smear showed positive for semen. The doctor noticed the child was upset.

Johnson took the stand in his own defense and denied that he raped the little girl. He said the witnesses against him, including the nurse, were not telling the truth, and that the little girl had made up the rape story to cause trouble between her

sister and Johnson, whom she did not like. The trial court did not believe this testimony, and understandably so, since Johnson, during cross-examination, admitted prior criminal convictions for robbery, operating a motor vehicle without the owner's consent, attempted burglary, uttering a forged instrument, and unlawful flourishing of a deadly weapon.

The testimony of the complaining witness was corroborated by the testimony of the nurse and the doctor, and was sufficient to sustain the finding of guilty.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.