John Ross CRUMP, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13781.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 1985.

Motion for Rehearing or to Transfer
to Supreme Court Denied
June 11, 1985.

Application to Transfer
Denied Aug. 7, 1985.

**284**

M. Elise Branyan, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

John Ross Crump appeals from the trial court's denial, without evidentiary hearing, of his Rule 27.26 [1] motion to vacate a four year sentence he received for a felony conviction of escape from lawful confinement.

Crump contends the court erred in denying him an evidentiary hearing because his motion raised issues of controverted fact, not refuted by court files and records, which resulted in prejudice to him.

Crump then filed a pro se motion to vacate which, after appointment of counsel, was twice amended. In his suggestions filed in support of those motions, Crump's complaints were in the following three categories:

(1) "Movant was deprived of his constitutional right to an attorney when he was questioned at Fordland Honor Camp...."

(2) "Movant was not informed of his constitutional rights to an attorney or to remain silent during custodial interrogation by guards at Fordland Honor Camp."

(3) "Movant was deprived of his constitutional right to effective assistance of counsel when his trial attorney, a) failed to move to suppress statements that were illegally obtained from the movant during custodial interrogation at Fordland Honor Camp, and b) failed to investigate and elicit testimony at trial regarding the fact that guards at Fordland Honor Camp gave John Ross Crump permission to leave the camp."

These allegations do not state who questioned Crump, when the questioning took place, what admissions, if any, he made in response to the questioning, or how he was prejudiced by the alleged failure of the guards to advise him of his rights.

After Crump's second amended motion was filed, the state moved to dismiss without evidentiary hearing, and the motion was sustained by the trial court. In support of its ruling, the motion court filed a memorandum which contained findings of fact and conclusions of law.

On appeal, Crump contends his motion to vacate, as amended, contained a sufficient factual basis to entitle him to an evidentiary hearing to determine whether 1) "he was deprived of his constitutional rights to due process, to remain silent, and to have counsel [present] when he was questioned by prison guards at Fordland Honor Camp prior to being informed of his *Miranda* rights," 2) "he was denied effective assistance of counsel when his trial attorney failed to file a motion to suppress movant's incriminatory statements," and 3) "he was denied effective assistance of counsel when his trial attorney failed to elicit information during trial regarding the fact that prison guards gave movant permission to leave Fordland Honor Camp and go home."

■ Our review is limited to a determination of whether the findings, conclusions and order of the motion court are clearly erroneous. If not, the order should be upheld. Rule 27.26(j); *Watson v. State*, 665 S.W.2d 695, 697 (Mo.App.1984). In deciding whether a 27.26 movant seeking an evidentiary hearing is entitled to that relief, the reviewing court must find that 1) the 27.26 motion alleges facts, not conclusions, which, if found to be true by the motion court, would entitle movant to a hearing, 2) the facts alleged are not refuted by the record, and 3) the matters complained of resulted in prejudice to the movant. *Merritt v. State*, 650 S.W.2d 21, 22 (Mo.App.1983).

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

Here, the motion court found that Crump's claim that he was deprived of counsel and was questioned by guards before he was read his *Miranda* rights was refuted by the record, and that based on the trial transcript, there was no basis for the trial attorney to file a motion to suppress Crump's incriminatory statements made to guards after he was captured.

In regard to Crump's final allegation, the motion court observed there is nothing in the record to indicate trial counsel knew Crump was claiming unnamed guards had told him he could leave the prison and go home, and, that even if counsel had known, attempting to present such a defense would probably cause him to be "laughed out of court." The motion court found no evidence of ineffective assistance of counsel.

Our review of the record convinces us that most of Crump's allegations of motion court error are conclusions, not facts, that the meager facts alleged are refuted by the record, and that there has been no showing of any prejudice to Crump by reason of any of the matters complained of.

There is nothing in the record that even remotely suggests that the findings, conclusions, or order of the motion court are clearly erroneous.

The motion court's order sustaining the state's motion to dismiss without evidentiary hearing is affirmed.

TITUS, P.J., and FLANIGAN, J., concur.