James Benny JOHNSON,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 14874.

Missouri Court of Appeals,
Southern District,
Division Two.

March 25, 1987.

Andrew C. Bullard, Kennett, for movant-appellant.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

In a court tried case, the movant was convicted of forcible rape, § 566.030.3, and sentenced to imprisonment for 20 years. His conviction was affirmed on direct appeal. *State v. Johnson*, 685 S.W.2d 603 (Mo.App.1985). In this proceeding, his motion under Rule 27.26 attacking that conviction was denied without an evidentiary hearing. He presents two points in his appeal from that denial.

Movant's first point is that the motion court erred because his motion alleged that he was denied effective assistance of counsel because of counsel's failure to object to testimony which implicated the movant in another crime. A resume of the evidence in the defendant's trial may be found in *State v. Johnson*, supra. The basis of his point is the testimony of the victim that before the rape, the movant and the victim's older sister smoked marijuana.

'A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts (in the record)'. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974). Also see *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978); *Fletcher v. State*, 614 S.W.2d 754 (Mo.App.1981).

*Greenhaw v. State*, 627 S.W.2d 103, 104 (Mo.App.1982).

It is beyond dispute that the simple failure to make an objection does not constitute ineffective assistance of counsel. *State v. Morris*, 591 S.W.2d 165, 169 (Mo.App.1979). The failure to take exception with objectionable evidence does not provide a basis for the claim of ineffective assistance of counsel *unless there has been genuine deprivation of the right to a fair trial. Jackson v. State*, 540 S.W.2d 616, 617 (Mo.App. 1976).

*Smith v. State*, 714 S.W.2d 778, (Mo.App. 1986) (emphasis added). Also see *Wilhite v. State*, 614 S.W.2d 33 (Mo.App.1981). The trial transcript, *State v. Stidham*, 403

S.W.2d 616 (Mo.1966); *Crump v. State*, 693 S.W.2d 283 (Mo.App.1985), reveals that this was an isolated remark. Assuming the inadmissibility of that testimony, the transcript clearly demonstrates that its admission into evidence did not deprive the movant of a fair trial. *Wright v. State*, 684 S.W.2d 412 (Mo.App.1984). This is undeniably so because in a court tried case it must be assumed that the trial judge disregarded improper evidence. *State v. Deaver*, 662 S.W.2d 871 (Mo.App.1983). The record demonstrates movant's first point has no merit.

By his second point, movant contends the motion court erred because his motion alleged the evidence was insufficient to support his conviction. Specifically he refers to an allegation there was no evidence that he displayed a deadly weapon in a threatening manner. Ordinarily, the sufficiency of the evidence is not cogniza-

ble in a proceeding under Rule 27.26. *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978); *Ardrey v. State*, 612 S.W.2d 859 (Mo.App.1981). Nothing appears in the movant's motion to cause this rule not to be applicable. Further, the record establishes that the movant raised the sufficiency of the evidence in his direct appeal. He may not relitigate that contention in this proceeding. *Baker v. State*, 680 S.W.2d 278 (Mo.App.1984). Movant's second point is denied and the judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ., concur.