William YOUNT, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 54671.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 25, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied Jan. 17, 1989.

Michael C. Todt, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pleaded guilty to stealing over $150 by deceit, § 570.030, RSMo 1986, stealing a motor vehicle, § 570.030, RSMo 1986, and two counts of assault in the third degree, § 565.070, RSMo 1986, on July 24, 1986, as part of a plea bargaining agreement. The court accepted the guilty pleas and sentenced movant to a term of 12 years as a persistent offender for stealing by deceit, seven years for stealing the motor vehicle, and 30 days for each assault count; the sentences to be served concurrently. The court suspended execution of the sentences and placed movant on probation for 5 years on each of the stealing convictions. After his probation was revoked, movant filed a pro se Rule 27.26 motion which was subsequently amended by his appointed counsel. In his motion, movant made numerous allegations attacking the voluntariness of his pleas and the effectiveness of the assistance of his counsel. The motion court denied movant's amended motion without an evidentiary hearing finding his allegations were refuted by the record.

■ Our review on appeal is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo. App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

■ After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). The two-part *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■ Movant argues on appeal that the following allegations in his motion establish his claim of ineffective assistance of counsel and are not refuted by the record: 1) Counsel told movant the stealing by deceit charges had been dismissed; 2) Counsel never contacted movant in preparation for his defense; 3) Counsel informed movant on the day of trial he was unprepared for trial; 4) Movant pleaded guilty involuntarily because he was suffering painful heroin withdrawal symptoms; 5) Movant answered the court's questions at his guilty plea hearing in a manner that the court would accept at his counsel's direction. Movant's allegations supporting his contention that he is entitled to an evidentiary hearing either do not warrant relief if true or are refuted by the record, and his contention that his attorney rendered ineffective assistance of counsel is clearly refuted by the record.

On August 7, 1985, movant's counsel first entered his appearance. On October 16, 1985, movant was present with his trial counsel at the preliminary hearing of the

stealing by deceit charge. On November 9, 1985, movant entered a plea of not guilty. On July 23, 1986, movant's counsel endorsed six witnesses for trial, including movant's grandmother. On July 24, 1986, movant entered his pleas of guilty. As in *Russell v. State*, 755 S.W.2d 704 (Mo.App. 1988), the transcript of the plea hearing conclusively shows movant was satisfied with his counsel and entered into his guilty pleas in a voluntary manner. The court began the hearing by having the prosecutor state the charge, the evidence he expected to present, and the range of punishment applicable. For each charge as it was presented, movant agreed that the evidence the prosecutor stated he expected to present was substantially correct, that he had done the acts constituting the crime, and that he understood the range of punishment and had no questions. The court then methodically and carefully established that movant was entering his pleas voluntarily and knowingly. Without detailing the questions the court asked movant in the plea hearing, we find the motion court was not clearly erroneous in finding all the movant's allegations were refuted by the evidence. We note that not only is movant's contention that his pleas were involuntary because his counsel was ineffective for directing him to answer in a fashion the court would accept at the plea hearing refuted by the plea transcript, it is refuted by his own allegations in his Rule 27.26 motions. In his amended motion movant alleged,

Movant realizes that in his plea transcript that he answered each question by the court in a manner that would permit the Judge to accept his guilty pleas. If granted a hearing movant would proffer testimony from his grandmother who heard [his trial counsel] tell him that he had to answer the questions *correctly* or he would fowl (sic) up the plea, lose a chance at probation, and be sent to trial to be convicted and sentenced to 32 years. (Emphasis added.)

In his pro se motion he stated,

I relize I said I was happy with his perfomarnce thrugh this matter, but after finding out my rights I also relised I

was not being helped by this Public defender....

We believe movant's allegation that his grandmother would testify that his trial counsel told him he had to answer the questions at the plea hearing "correctly" refutes any inference that movant's trial counsel told him to answer the court's questions in a manner which the court would accept merely so that he could get probation. Furthermore, movant has not alleged his testimony at the plea hearing was false. And, "[a]n attorney's instruction as to how to answer the court's questions, standing alone, does not taint the voluntariness of the guilty plea." *Watson v. State*, 665 S.W.2d 695, 697 (Mo.App. 1984).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.