**STATE of Missouri, Respondent,**

**v.**

**Richard HAMM, Appellant.**

**No. KCD 29672.**

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Motion for Rehearing and/or Transfer
Denied July 20, 1978.

Application to Transfer Denied
Sept. 12, 1978.

William F. Bauer, Asst. Public Defender, St. Joseph, for appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD, C. J., and WASSERSTROM, J.

WASSERSTROM, Judge.

Defendant pleaded guilty to stealing by deceit in violation of Section 560.161. From a sentence entered pursuant to that plea, defendant appeals on the ground that the amended information failed to state conduct constituting the crime charged. An appeal on that ground is authorized despite the plea of guilty. *State v. LePage*, 536 S.W.2d 834 (Mo.App.1976).

The amended information alleges that defendant intentionally stole $800 by deceit over a nine day period by the following means. He obtained an Americash Plus card and the secret personal identification code of James F. Burnham to an automated teller, Docutel machine, operated by the American National Bank. Defendant then went to the machine and according to the instructions inserted the card and pressed buttons labeled with single digits so as to spell out Burnham's personal identification code. Defendant then pressed the buttons to indicate that the machine should dispense $50. The machine did so and defendant took the money. Defendant followed this procedure on 16 separate occasions so that he obtained an aggregate sum of $800 in transactions of $50 each. The information further states that defendant's use of the card and personal identification code was unauthorized by Burnham, that the $800 was the property of American National Bank, and that defendant followed the foregoing procedure with the intent of permanently depriving the bank of the use of the money so obtained by him.

Defendant argues in support of his attack upon the indictment that it "fails to state that Appellant made any representation at all, let alone a fraudulent misrepresentation, and it fails to state that the bank acted in reliance in parting with the EIGHT HUNDRED DOLLARS ($800.00)." This argument is based on the assumption that in order to support the offense, there must have been a verbal misrepresentation by the defrauding party directly to the party defrauded. Not so. The misrepresentation "may consist in any act, word, symbol, or token calculated and intended to deceive.

It may be made either expressly or by implication * * *." 35 C.J.S. False Pretenses § 17, p. 825. 32 Am.Jur.2d False Pretenses Sec. 17, p. 189, similarly states: "* * * since a false pretense may be made by implication as well as expressly, words, written or spoken, are not essential to a false representation such as will subject one to punishment for obtaining money or property by false pretenses. Acts or conduct may constitute a false representation." See also *People v. Brady*, 275 Cal.2d 984, 80 Cal.Rptr. 418 (1969). By his actions here, defendant represented falsely that he did have authority to use the Burnham bank card and personal identification code.

No case has been cited nor found by independent research involving a criminal prosecution arising from a fraudulent manipulation of an automatic bank teller such as here presented. This is probably due to the fact that this application of computer technology is relatively new. However, this situation is analogous to the fraudulent use of a stolen credit card, which numerous cases hold to provide the foundation for prosecution for false pretenses. Thus in *Snipes v. State*, 50 Ala.App. 139, 277 So.2d 413 (1973) the defendant presented the credit card of another person without permission, signed the sales slip and obtained merchandise. The defense was that the defendant had not misrepresented anything except possibly her marital status. The court rejected that contention holding:

> "When appellant presented the Bank Americard in payment of the shoes and handbag bearing the name 'Melvin Chatman' and signed the sales card 'Mrs. Melvin Chatman', she was then and there representing to Mrs. Foster that she was indeed Mrs. Melvin Chatman the same as if she had said, 'I am Shirley Chatman and my husband is Melvin Chatman'."

So also in *Hymes v. United States*, 260 A.2d 679 (D.C.App.1970), the defendant was prosecuted for obtaining gasoline by false pretenses. The prosecution introduced seven receipts for gasoline obtained by use of a credit card issued to another and used by the defendant without permission. The court held that this evidence was sufficient upon which to convict. The court further held that there was sufficient proof to support "reliance" without the necessity for evidence by the service station attendants who waited upon the defendant. See also *Teves v. State of Maryland*, 237 Md. 653, 207 A.2d 614 (1965); Annot. "Criminal Liability for Unauthorized Use of Credit Card," 24 A.L.R.2d 986, Sec. 7 at l.c. 998.

A like ruling was made in another analogous situation in *State v. Moore*, 189 Wash. 680, 66 P.2d 836 (1937), where the defendant presented a check with a forged endorsement to a bank for payment. The information charged grand larceny by false pretenses. One defense made was the lack of any representation by the defendant. The court held that when defendant presented the check, "he thereby represented that he was a lawful holder of the check, the legal assignee of the true payee, and that he was entitled to possession of the check and the money that it represented. * * * False pretenses may be made by conduct and actions as well as by word of mouth." Another analogous case is *State v. Kelly*, 27 N.M. 412, 202 P. 524 (1921) where the presentation of a spurious bond for redemption was held to be a false pretense.

Just as the facts here show a misrepresentation by defendant through his conduct, so also the facts clearly show reliance thereon by the bank. The machine was so programmed that no money would be paid out without the insertion of the appropriate card and the corresponding personal identification numbers. When those items were supplied, the response was programmed so as to pay out the money. No difference can be perceived whether the bank gave approval after the presentation of those identification items or whether it programmed its acceptance upon those conditions in advance. In either case, the bank equally relied upon the presentation of the card and personal identification.

The facts alleged in the amended information adequately stated an offense of obtaining money by deceit, and the judgment of conviction is therefore affirmed.

All concur.