STATE of Missouri, Respondent,

v.

Charles Wayne McKINZIE, Appellant.

No. 14932.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 25, 1987.

Motion for Rehearing or Transfer
to Supreme Court Denied
Sept. 4, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Nancy McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

Charles Wayne McKinzie ("appellant") entered a plea of guilty to the class A felony of murder in the second degree, § 565.021.1(1), RSMo Cum.Supp.1984, and was sentenced to life imprisonment, § 558.-011.1(1), RSMo Cum.Supp.1984. He appeals from that judgment, insisting that the circuit court lacked jurisdiction, in that the information was insufficient to charge such crime.

■■■ If an information is insufficient, the circuit court acquires no jurisdiction, and whatever transpires thereafter is a nullity. *State v. Gilmore*, 650 S.W.2d 627, 628[2] (Mo. banc 1983); *State v. Brooks*, 507 S.W.2d 375, 376[1] (Mo.1974). The question of jurisdiction of the subject matter and the sufficiency of the information in a criminal case may be raised at any stage of the proceedings, even after a plea of guilty, and for the first time in an appellate court. *Kansas City v. Stricklin*, 428 S.W.2d 721, 724–25[8] (Mo. banc 1968); *State v. Zito*, 595 S.W.2d 383, 384[1] (Mo. App.1980); *State v. LePage*, 536 S.W.2d 834, 835[1] (Mo.App.1976). Consequently, even though he entered a plea of guilty in the circuit court, appellant is entitled, in this appeal, to challenge the information on the ground that it failed to allege conduct constituting the crime charged. *State v. Hamm*, 569 S.W.2d 289, 290[1] (Mo.App. 1978).

The murder of which appellant was accused was alleged to have been committed on or about August 5, 1985. At that time, the statute proscribing murder in the second degree was § 565.021, RSMo Cum. Supp.1984, which had taken effect October 1, 1984. Laws 1984, S.C.S.S.B. 448, p. 755, § 565.021, and p. 758, § C. Section 565.-021, carried forward unchanged in RSMo 1986, provides, in pertinent part:

"1. A person commits the crime of murder in the second degree if he:

(1) Knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person; or

. . . .

2. Murder in the second degree is a class A felony . . . ."

The information to which appellant pled guilty alleged, in pertinent part:

". . . Charles Wayne McKinzie the defendant, in violation of Section 565.021.1, RSMo, committed the Class A Felony of Murder in the second degree, punishable upon conviction under Section 558.011.-1(1), RSMo, in that on or about the 5th day of August, 1985, in the County of Newton,[1] State of Missouri, the defendant, knowingly caused the death of Bonnie McKinzie by shooting her."

The information faithfully tracked MACH-CR 13.04 [1984 New], effective October 1, 1984.

Appellant's attack on the information consists of two components, the first of which asserts that the information "failed to allege all of the essential elements" of murder in the second degree. Appellant states, "[T]he essential elements which differentiate second degree murder from voluntary manslaughter are found in the case law developed under the previous second degree murder statute, Section 565.004, RSMo 1978." That section stated:

"All other kinds of murder at common law, not herein declared to be manslaughter or justifiable or excusable homicide, shall be deemed murder in the second degree."

Appellant, citing *State v. Mannon*, 637 S.W.2d 674, 678 (Mo. banc 1982), and *State v. Franco*, 544 S.W.2d 533, 534–35[4] (Mo. banc 1976), *cert. denied*, 431 U.S. 957, 97 S.Ct. 2682, 53 L.Ed.2d 275 (1977), correctly points out that under § 565.004, RSMo 1978, the elements of murder in the second degree were the (1) willful, (2) premeditated, (3) killing (4) of a human being (5) with malice aforethought.[2]

1. The cause originated in Newton County, but was transferred to McDonald County on change of venue.

2. The homicide in *Franco* occurred in 1974, and consequently was in violation of § 559.020, RSMo 1969. That statute was identical to

Appellant insists that the information in the instant case was deficient in that it "failed to allege that appellant acted willfully, with premeditation or with malice aforethought, all essential elements of the offense of second degree murder." Appellant maintains that the General Assembly, in enacting § 565.021, RSMo Cum.Supp. 1984, "intended to retain the common law elements of second degree murder."

The only case cited by appellant in support of that hypothesis is *State v. Lett,* 715 S.W.2d 557 (Mo.App.1986). There, the accused was convicted of murder in the second degree for a homicide committed November 22, 1984, some seven weeks after the effective date of § 565.021, RSMo Cum. Supp.1984. On appeal, the accused contended the trial court should have directed a verdict of acquittal at the close of all the evidence, as there was no evidence that the accused intended to kill the victim, or from which an intent to kill could be presumed. The opinion responded to the issue framed by the accused, holding that an intent to kill may be inferred in circumstances where death may be reasonably expected to follow the assault on the victim, irrespective of any subjective desire to kill on the part of the assailant. *Id.* at 558. The court in *Lett* was not called upon to decide whether the elements of murder in the second degree under § 565.021.1(1), RSMo Cum. Supp.1984, remained unchanged from § 565.004, RSMo 1978.

Prior to the changes in the Missouri homicide statutes that took effect October 1, 1984, the offenses of capital murder, first degree murder, and murder in the second degree were defined, respectively, by §§ 565.001, 565.003, and 565.004, RSMo 1978. Those statutes—and others—were repealed by Laws 1983, H.C.S.S.C.S.S.B. 276, pp. 922–31, which was to have taken effect July 1, 1984. *Id.* at 931, § A. The statutes that were to replace the repealed murder statutes did not define an offense denominated capital murder. Instead, the new statutes defined a crime called murder in the first degree, assigning it § 565.020, and also defined a crime called murder in

the second degree, assigning it § 565.021. *Id.* at 926–27.

Section 565.021 was changed before it ever took effect. Laws 1984, S.C.S.S.B. 448, p. 755, §§ 1 and 565.021. Section 565.-021, in its new form, and § 565.020, as enacted in 1983, both took effect October 1, 1984. Laws 1984, S.C.S.S.B. 448, pp. 757–58, §§ A, B and C. The reason for delaying the effective date was the need for additional time for preparation of instructions. *Id.* § B.

It has been held that the judicial construction of a statute by a court of last resort becomes as much a part of the statute as the text itself. *Eberle v. Koplar,* 85 S.W.2d 919, 923[7] (Mo.App.1935). Thus, murder in the second degree, as proscribed by § 565.004, RSMo 1978, consisted of the elements enumerated in *Mannon* and *Franco, supra.*

If the General Assembly, when it enacted § 565.021, RSMo Cum.Supp.1984, had intended that the crime of murder in the second degree as proscribed therein comprise the same elements as murder in the second degree under § 565.004, RSMo 1978, the General Assembly would have needed only to reenact the latter section in its existing form, inasmuch as the General Assembly, in reenacting a statute in the form in which it previously existed, is presumed to have adopted the construction previously placed upon the statute by the Supreme Court of Missouri. *Messick v. Grainger,* 356 Mo. 1227, 205 S.W.2d 739, 741–42[2] (1947); *State ex rel. Steed v. Nolte,* 345 Mo. 1103, 138 S.W.2d 1016, 1019[5] (1940).

As we have seen, however, the General Assembly, in enacting § 565.021, RSMo Cum.Supp.1984, did not reenact the extant statute defining murder in the second degree (§ 565.004, RSMo 1978) in its existing form. Instead of defining murder in the second degree as all other kinds of murder at common law, not declared by statute to be manslaughter or justifiable or excusable homicide, as § 565.004, RSMo 1978, had done, the General Assembly, in § 565.021.-

§ 565.004, RSMo 1978, the statute in effect at the time of the homicide in *Mannon.*

574

1(1), RSMo Cum.Supp.1984, defined murder in the second degree as knowingly causing the death of another person or, with the purpose of causing serious physical injury to another person, causing the death of another person.

A change in a statute is ordinarily intended to have some effect; the General Assembly will not be charged with having done a meaningless act. *State ex rel. Thompson-Stearns-Roger v. Schaffner*, 489 S.W.2d 207, 212[2] (Mo.1973). Given the contrariety between § 565.021, RSMo Cum.Supp.1984, and § 565.004, RSMo 1978, we reject appellant's theory that the General Assembly, in enacting the former, intended to retain the common law elements of murder in the second degree as they existed under the latter.

■ Were we to accept appellant's premise, we would have to read § 565.021.-1(1), RSMo Cum.Supp.1984, as if it said that a person commits the crime of murder in the second degree if he willfully, premeditatedly, and with malice aforethought kills a human being. We have no authority to do so. The language of § 565.021.1(1), RSMo Cum.Supp.1984, is succinct and clear. Where the language of a statute is plain and admits of but one meaning, there is no room for construction. *L & R Distributing Co., Inc. v. Mo. Dept. of Revenue*, 648 S.W.2d 91, 95[2] (Mo.1983). Courts may not change the meaning of a plain and unambiguous statute. *Steggall v. Morris*, 363 Mo. 1224, 258 S.W.2d 577, 582[12] (banc 1953).

The first component of appellant's attack on the information is without merit.

In the alternative, appellant argues that the information was "fatally defective because it failed to allege that appellant did not cause the death of Bonnie McKinzie under the influence of sudden passion arising from adequate cause."

Appellant bases this contention on § 565.023, RSMo Cum.Supp.1984, which, like § 565.021, RSMo Cum.Supp.1984, took effect October 1, 1984. Laws 1983, H.C.S. S.C.S.S.B. 276, p. 927, § 565.023; Laws 1984, S.C.S.S.B. 448, p. 757, § A.

Section 565.023, RSMo Cum.Supp.1984, carried forward unchanged in RSMo 1986, provides, in pertinent part:

"1. A person commits the crime of voluntary manslaughter if he:

(1) Causes the death of another person under circumstances that would constitute murder in the second degree under subdivision (1) of subsection 1 of section 565.021, except that he caused the death under the influence of sudden passion arising from adequate cause; or

. . . .

2. The defendant shall have the burden of injecting the issue of influence of sudden passion arising from adequate cause under subdivision (1) of subsection 1 of this section.

3. Voluntary manslaughter is a class B felony."

Appellant's position, as articulated in his brief, is: "Acting under the influence of sudden passion arising from adequate cause is the element which distinguishes murder in the second degree from voluntary manslaughter, Section 565.023.1(1), RSMo 1986; therefore, its absence is an essential element of second degree murder and must be alleged in the information."

As noted earlier, the information in the instant case mirrored MACH–CR 13.04 [1984 New]. Rule 23.01(b), Missouri Rules of Criminal Procedure (16th ed. 1985), sets out what an information shall contain, and Rule 23.01(e) provides that informations substantially consistent with the forms of informations which have been approved by the Supreme Court of Missouri shall be deemed to comply with the requirements of Rule 23.01(b).

■ The Supreme Court of Missouri has recently reaffirmed that the test for sufficiency of an information is whether it contains all essential elements of the offense as set out in the statute creating the offense and clearly apprises the accused of facts constituting the offense. *State v. O'Connell*, 726 S.W.2d 742, 746[4] (Mo. banc 1987). As a general rule, it is enough to charge the offense in the language of the statute alleged to be violated if the

statute states all the constituent elements of the offense. *Id.* at 746[5]; *State v. Kesterson*, 403 S.W.2d 606, 609[1] (Mo. 1966).

■ Section 565.021.1(1), RSMo Cum. Supp.1984, provides, as we have learned, that a person commits the crime of murder in the second degree if he knowingly causes the death of another person. The information in the instant case sets forth all of those elements. Nothing is said in § 565.021 about causing the death of another person under the influence of sudden passion arising from adequate cause. Those circumstances are instead set forth in the statute defining voluntary manslaughter, § 565.023, RSMo Cum.Supp. 1984, and it is the presence of those circumstances—when one knowingly causes the death of another person—that makes the homicide voluntary manslaughter instead of murder in the second degree.

Additionally, we find it significant that while § 565.004, RSMo 1978, the former statute proscribing murder in the second degree, defined that offense as all other kinds of murder at common law "not herein declared to be manslaughter or justifiable or excusable homicide," appellant has cited no case holding that an information charging murder in the second degree under that statute was required to allege facts demonstrating that the homicide was *not* manslaughter or justifiable or excusable homicide.

In *State v. Shriver*, 275 S.W.2d 304 (Mo. 1955), the accused was convicted of murder in the second degree in violation of § 559.-020, RSMo 1949, a statute identical with § 565.004, RSMo 1978. The information pleaded no facts showing that the killing was not done in circumstances constituting manslaughter or justifiable or excusable homicide. On appeal, it was held that the information properly charged murder in the second degree. *Id.* at 305[1].

Furthermore, we point out that MACH–CR 16.14, 1–1–79, the form approved by the Supreme Court of Missouri for an information charging murder in the second degree under § 565.004, RSMo 1978, contained no averments showing that the circumstances of the killing did not establish manslaughter or justifiable or excusable homicide. Appellant has failed to demonstrate that such a requirement should be imposed in order to charge murder in the second degree under § 565.021.1(1), RSMo Cum. Supp.1984.

Finally, appellant could not have been misled as to the charge he was facing, as the information explicitly stated he had committed the class A felony of murder in the second degree.

Appellant's contention that the information was fatally deficient because it failed to allege he did not cause the victim's death under the influence of sudden passion arising from adequate cause is rejected, and the judgment is affirmed.

GREENE, P.J., and HOLSTEIN, J., concur.