**Andrew LETT, Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 54217.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 18, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion[1] after an evidentiary hearing. We affirm.

Movant was convicted by a jury of second degree murder, § 565.021, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. Movant was sentenced, as a persistent offender, to serve concurrently terms of thirty years for each conviction. He appealed his convictions and we affirmed. *State v. Lett,* 715 S.W.2d 557 (Mo. App.1986). Most of the facts relevant to

---

1. Repealed effective January 1, 1988.

this appeal are set out in our opinion on direct appeal. *Id.* at 558–59.

On appeal, movant contends the motion court erred in not finding his trial counsel ineffective for failing to call two witnesses to the murder and failing to introduce evidence victim was under the influence of PCP at the time of the killing.

 Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression a mistake has been made. *Richardson*, 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant at a Rule 27.26 hearing, and an appellate court must defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

In determining whether counsel's performance was deficient, the test is whether counsel's assistance was reasonable under all the circumstances. There is a strong presumption that criminal defense counsel's conduct falls within "the wide range of reasonable professional assistance," and a movant must overcome the presumption that certain actions of counsel might be regarded as sound trial strategy. *Richardson*, 719 S.W.2d at 915, *citing*,

*Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2065.

After the evidentiary hearing, the trial court made findings of fact and conclusions of law determining that movant's counsel was not ineffective in any of the respects claimed by movant.

We have examined the record and conclude the motion court's findings are not clearly erroneous.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.