Albert Edward GMEREK, Appellant,

v.

STATE of Missouri, Respondent.

No. 16194.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 19, 1989.

Betsy A. Clarke, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Albert Edward Gmerek ("movant") appeals from a judgment denying his motion under Rule 24.035, Missouri Rules of Criminal Procedure (19th ed. 1988), to vacate his conviction of two felonies for which he is serving consecutive five-year prison sentences. Movant's motion was denied by the circuit court ("the motion court") following an evidentiary hearing. The motion court, in compliance with Rule 24.035(i), made findings of fact and conclusions of law.

Movant's conviction and sentences resulted from pleas of guilty entered pursuant to

a plea agreement whereby the prosecutor recommended concurrent three-year sentences. At time of sentencing movant's lawyer ("defense counsel") asked the judge ("the plea court") to suspend execution of the sentences and place movant on probation.

The plea court told movant the court was going to send movant to the penitentiary for three years on each count and deny probation, but if movant was "really serious" about probation the court would sentence movant to "two fives back to back and put you on probation for five years." The plea court asked movant if that was what he wanted to do, offered to allow movant to withdraw his pleas of guilty, and recessed the proceeding to permit movant to confer with defense counsel.

After the recess movant told the plea court he wanted "to go ahead and get probation and have help for my [alcohol] problem."

The plea court thereupon sentenced movant to five years' imprisonment for each offense and placed movant on probation for five years subject to sundry conditions. At the conclusion of the proceeding the prosecutor asked the plea court how it had run the sentences. The plea court stated, "Let me run the fives consecutively."

Some 28 months later the plea court, after an evidentiary hearing, found that movant had violated the terms of his probation. The plea court revoked movant's probation and ordered the sentences executed.

Movant thereafter commenced the instant proceeding by filing a pro se motion. With the assistance of an appointed lawyer movant filed an amended motion averring, insofar as pertinent here, that he received ineffective assistance of counsel in the plea court in that defense counsel (a) failed to inquire of the plea court about the manner in which the five-year sentences would be imposed, and (b) failed to adequately explain to movant that if he asked the plea court to place him on probation the five years for each offense would be served consecutively rather than concurrently. Those oversights by defense counsel, pled movant, prevented him from making a vol-

untary and intelligent choice among the alternatives available to him.

At the evidentiary hearing in the motion court defense counsel testified that during the recess in the sentencing proceeding in the plea court she asked movant whether he was sure he wanted to accept probation. She warned him there was a big difference in the sentences and that if he violated probation he was going to have a lot more to serve than if he went ahead and took the three years and got his normal parole date. Counsel added that when she explains sentences she normally says the total amount that the person is facing, and for consecutive sentences she usually uses the phrase "run one after another" rather than "back to back." Asked whether she made it clear to movant that he would be serving ten years if he violated probation, defense counsel answered: "There wasn't any question in my mind. I—Whether I made it clear, he didn't give me any indication that he didn't understand.... I felt that he did, or I would have kept explaining it different ways, if I thought that he didn't understand."

Asked whether she explained the term "consecutive" to movant, defense counsel replied: "In terms of saying run one after another. Now whether I said anything beyond that, I don't remember—."

Movant, testifying in the motion court, stated in substance that during the recess defense counsel did not explain that back to back sentences meant they would run consecutively or one after the other, and that he did not understand this at the time. Movant testified he was under the impression he would receive a five-year sentence for each offense "to run concurrently or at the same time." Movant declared that had he understood the sentences would run consecutively he would have withdrawn his pleas of guilty.

The motion court, in its findings of fact and conclusions of law, noted there was some ambiguity in the dialogue at the sentencing proceeding as to whether the total number of years of movant's sentence would be five or ten. Consequently, held

the motion court, what was told to movant by defense counsel during the recess in the sentencing proceeding was crucial. On that subject the motion court found:

"Movant's attorney clearly remembered telling Movant that the five year sentences would run 'one after another' if he wanted to get probation. This was in the recess prior to formal sentencing. It should have been clear to the Movant that what he would receive would be a total of ten years. This Court finds that Movant's attorney did not provide ineffective assistance as counsel and that said attorney adequately explained to Movant, prior to formal sentencing, the sentence he would receive."

Movant's sole point in this appeal is that the motion court erred in denying relief in that defense counsel rendered ineffective assistance by failing to inform movant that he faced ten years in prison instead of five if he failed to successfully complete probation. Consequently, argues movant, his guilty pleas were involuntary inasmuch as he reasonably believed his sentence would total five years.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Chatman v. State*, 766 S.W.2d 724, 725 (Mo.App.1989). Credibility of the witnesses was for the motion court's determination. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court was not required to believe movant's testimony. *Lett v. State*, 761 S.W.2d 656, 657[2] (Mo.App.1988).

Movant maintains that the dialogue at the sentencing proceeding in the plea court coupled with defense counsel's failure to "articulate the actual length" of movant's sentence demonstrates the findings of the motion court are clearly erroneous. According to movant, the motion court exaggerated the significance of defense counsel's testimony that she told movant the prison terms would run "one after another."

While the plea court's statements during the sentencing proceeding were not a model of clarity and precision, the plea court did state before the recess that the sentence would be "two fives back to back" and that the court would put movant on probation for five years. The motion court found that defense counsel, during the recess, told movant the five-year sentences would run one after another if movant accepted the plea court's offer of probation. After the recess the plea court stated it would "run the fives consecutively." Additionally, defense counsel testified in the motion court that she believed movant understood the two five-year sentences would run consecutively, otherwise she "would have kept explaining it different ways."

The motion court found that it should have been clear to movant that he would receive a total of ten years' imprisonment. On the record before us we cannot brand that finding clearly erroneous. It is amply supported by defense counsel's testimony. The motion court was not obliged to believe movant's testimony that he was under the impression at time of sentencing that he would receive concurrent five-year sentences.

■ After a guilty plea has been entered, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Dover v. State*, 725 S.W.2d 915, 920[3] (Mo.App.1987); *Kline v. State*, 704 S.W.2d 721, 722[2] (Mo.App.1986).

■ If (as the motion court found) it should have been clear to movant that he would have to serve ten years if his probation was revoked, the fact that the plea court and defense counsel did not explain consecutive sentences as thoroughly and clearly as they might have did not impair the voluntariness of movant's guilty pleas.

The judgment of the motion court is affirmed.

GREENE and PREWITT, JJ., concur.