**Mark Brian DEATON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50044.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 21, 1986.

Application to Transfer Denied
March 25, 1986.

---

J. Dennis Gassen, Blue Springs, for appellant.

John D. Rayfield, Hillsboro, for respondent.

GARY M. GAERTNER, Judge.

Defendant, Mark Deaton, appeals from the trial court's order denying his motion to vacate or correct a judgment and sentence entered against him. Defendant pleaded guilty to selling marijuana in violation of § 195.020, RSMo 1978, and was placed on probation. Defendant's probation was thereafter revoked, and after a hearing he was sentenced to nine years incarceration in the Missouri Department of Corrections, pursuant to § 195.200.1(4), RSMo 1978. Defendant raises several points on this appeal. Finding each of them to be without merit, we affirm.

The facts are simply stated. On October 9, 1981, defendant sold a cigarette containing .54 grams of marijuana to an undercov-er police officer for one dollar. In January, 1982, a criminal charge was filed against defendant in the Circuit Court of Jefferson County. In July, 1982, defendant appeared before Judge Philip G. Hess and pled guilty to one count of selling marijuana, § 195.-020, RSMo 1978. In August, 1982, defendant appeared for sentencing. Judge Hess suspended imposition of sentence, and placed defendant on five years probation.

In December, 1982, defendant was charged with violating certain conditions of his probation. After a hearing, Judge Hess determined that defendant had violated five separate terms of his probation.[1] The court consequently revoked defendant's probation and, pursuant to § 195.200.-1(4), RSMo 1978, sentenced him to a term of nine years in the Missouri Department of Corrections.

Defendant thereafter filed a motion for postconviction relief under Rule 27.26, asking the trial court to vacate or correct its judgment and sentence. Defendant argued that his sentence was cruel and unusual, that the statute under which he was sentenced violated his rights to due process and equal protection, and that the revocation of his probation was procedurally and substantively defective. Defendant also filed a request for production of documents, seeking to obtain records regarding the sentences imposed on other persons in Jefferson County who had been convicted of the same or a similar offense.

In February, 1984, Judge Hess held a hearing on defendant's request for production of documents, and thereafter denied such request. Judge Hess was subsequently disqualified from the case, and a special judge was appointed to rule on defendant's Rule 27.26 motion. Defendant requested an evidentiary hearing on the motion. On August 22, 1984, the special judge overruled defendant's motion without holding an evidentiary hearing. Defendant appeals from that decision.

---

1. These violations included the use of alcohol and marijuana, failure to give notice of change of residence, quitting a job without permission, failure to meet with his probation officer, and failure to attend alcohol treatment and job skills meetings.

Preliminarily, we note that appellate review of a trial court's denial of postconviction relief is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. Rule 27.-26(j). *See Watson v. State,* 665 S.W.2d 695, 697 (Mo.App.1984). The trial court's findings are clearly erroneous only if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. *Lockett v. State,* 679 S.W.2d 337, 339 (Mo.App.1984).

In his first allegation of error, defendant alleges that the sentence imposed upon him violates the prohibition against cruel and unusual punishment set forth in the eighth amendment to the United States Constitution and article I, section 21 of the Missouri Constitution. Defendant contends that a nine-year sentence is unduly harsh in comparison to the gravity of his offense, and in comparison to the sentences imposed upon other defendants under similar circumstances.

In *Solem v. Helm,* 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983), the United States Supreme Court held that a criminal sentence is not constitutional merely because it remains within the range of punishment authorized by the governing statute:

> [W]e hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional.

The Missouri courts have adopted a standard consistent with the *Solem* opinion. In

*State v. Whitehead,* 675 S.W.2d 939, 943 (Mo.App.1984), this court stated that "Punishment within the statutory limits is not cruel and unusual because of its duration unless it is so disproportionate under the circumstances as to shock the moral sense of reasonable men."[2]

■ After reviewing the record, we have determined that the sentence imposed upon the defendant does not constitute cruel and unusual punishment. Defendant was sentenced under § 195.200.1(4), RSMo 1978, which requires imprisonment "for a term of not less than five years nor more than life imprisonment." Defendant's sentence was thus only four years beyond the statutory minimum, and could have been a life sentence. Drug trafficking remains a primary source of crime, corruption and delinquency in our society, and those engaging in such conduct must be punished accordingly. Defendant was afforded the opportunity to avoid imprisonment altogether when Judge Hess suspended imposition of sentence and placed defendant on probation. Defendant chose, however, to violate several conditions of his probation, thereby sacrificing the freedom he had been granted. Under these circumstances, we reject his claim that the punishment now being meted out to him is cruel and unusual.

In his second allegation of error, defendant alleges that the statute under which he was sentenced (§ 195.200.1(4), RSMo 1978) violates his rights to substantive due process and equal protection of the laws. We first consider defendant's due process claim.

■ Under substantive due process analysis, a law which impinges upon a "fundamental right" is subject to the "strict scrutiny" test, which requires that the law be narrowly tailored to serve some compelling state interest. *Roe v. Wade,*

---

2. The Eighth Circuit Court of Appeals has adopted a similar standard:

> A sentence within the statutory maximum which is "greatly excessive under traditional concepts of justice" or "manifestly disproportionate to the crime or criminal" is reviewable by federal appellate courts.

*United States v. Hollis,* 718 F.2d 277, 279 (8th Cir.1983), *cert. denied,* 465 U.S. 1036, 104 S.Ct. 1309 (1984), *quoting Woosley v. United States,* 478 F.2d 139, 147 (8th Cir.1973). *See also United States v. McMahan,* 744 F.2d 647, 652 (8th Cir.1984).

410 U.S. 113, 155, 93 S.Ct. 705, 728, 35 L.Ed.2d 147 (1973). Defendant argues that we should apply the strict scrutiny test because § 195.200.1(4), by authorizing sentences of up to life imprisonment for selling even small amounts of marijuana, violates his "fundamental right" to be free from cruel and unusual punishment. This argument mischaracterizes the right actually asserted by defendant. Defendant's due process claim rests not on an abstract right to be free from cruel and unusual punishment, but on his right to be punished in proportion to the severity of his offense and in proportion to the punishments received by other persons under similar circumstances. *See United States v. Castro,* 401 F.Supp. 120, 126 (N.D.Ill.1975). This right is not fundamental, and therefore his claim is subject to the "rational basis" test rather than strict scrutiny. *United States v. Lindelow,* 435 F.Supp. 367, 372 (D.P.R. 1977); *National Organization for the Reform of Marijuana Laws v. Bell,* 488 F.Supp. 123, 138 (D.C.1980).

■ The rational basis test requires only that the challenged law bear some rational relationship to a legitimate state interest. Legislatures are thus afforded broad discretion in attacking social and economic problems, so long as they act in a rational manner. *Williamson v. Lee Optical of Oklahoma,* 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). The challenger bears the burden of showing that the law is wholly irrational. *Woods v. Holy Cross Hospital,* 591 F.2d 1164, 1174 (5th Cir.1979).

■ In the case before us, defendant cannot support his assertion that the legislature's decision to punish sales of even small amounts of marijuana with sentences up to life imprisonment is wholly irrational. In *State v. Mitchell,* 563 S.W.2d 18 (Mo. banc 1978), the Missouri Supreme Court rejected a defendant's claim that the sentences authorized under § 195.200.1(4) bore

no rational relationship to the gravity of his offense, which consisted of selling approximately eleven grams of marijuana for five dollars. Although the precise issue in that case was whether the minimum sentence (five years) constituted cruel and unusual punishment, the court's analysis is nevertheless instructive:

> It is, of course, recognized that people do and will differ in their opinions concerning the use of marihuana and, consequently, also differ in whether its use, distribution, or sale should be proscribed and, if proscribed, what the penalties should be. This is, however, a matter for the legislative branch of government. The court should not invalidate a statutory minimum penalty unless the court can say with confidence that the minimum term of five years bears no rational relationship to the severity of the crime of selling marihuana.

*Id.* at 27. We remain unconvinced by defendant's argument that a maximum penalty of life imprisonment bears no rational relationship to the crime of selling marijuana. Accordingly, we reject his substantive due process claim.

Defendant also contends that § 195.200.1(4) violates his right to equal protection of the laws. Defendant argues that the statute denies equal protection because it does not provide lesser penalties for sales of smaller amounts of marijuana. Defendant observes that several other Missouri statutes have employed such a scheme.[3]

■ Defendant does not claim that he was discriminated against on the basis of any "suspect classification," and thus his equal protection claim is also subject to the rational basis test. *Collins v. Director of Revenue,* 691 S.W.2d 246, 250 (Mo. banc 1985). The mere fact that § 195.200.1(4), contrary to other sentencing statutes, does not provide for lesser penalties when small-

---

3. Defendant refers to the sentencing statutes for possession or delivery of marijuana (§ 195.200.1(1)(a), (c), RSMo 1978), property damage (§ 569.100–.120, RSMo 1978), stealing (§ 570.030, RSMo 1978), receiving stolen property (§ 570.080, RSMo 1978), passing bad checks (§ 570.120, RSMo 1978), stopping payment of an instrument (§ 570.125, RSMo Cum.Supp. 1984), fraudulent use of a credit device (§ 570.130, RSMo 1978), and defrauding creditors (§ 570.180, RSMo 1978).

er amounts of the controlled substance are involved, is not enough to convince us that the statute is wholly irrational. Defendant has, therefore, failed to sustain his burden of proof on this issue, and we reject his equal protection claim.

In his third allegation of error, defendant alleges that Judge Hess erred in imposing sentence because before the judge revoked defendant's probation he did not consider alternatives to incarceration, nor did he provide a written statement outlining his reasons for revoking probation. Defendant bases this argument on *Romano v. Black*, 735 F.2d 319 (8th Cir.1984), wherein the court held that due process requires a trial judge to consider alternatives to incarceration in the probation revocation proceeding and to indicate on the record that he has done so. Since the date that defendant filed his brief with this court, the *Romano* decision has been reversed by the United States Supreme Court. *Black v. Romano*, — U.S. —, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). In light of the Supreme Court's decision, we reject defendant's argument on this issue.

In his fourth allegation of error, defendant alleges that imposing a nine-year sentence violated his right to procedural due process because, when he was placed on probation, he did not understand that violating the conditions of his probation could earn him a sentence longer than his five-year probationary term. When Judge Hess suspended imposition of sentence and placed defendant on probation, he told the defendant on the record that if defendant violated the conditions of his probation he might be incarcerated for more than the minimum five-year sentence:

[Judge Hess] If you get in trouble, next time you're gone. Do you understand me?

[Defendant] Yes.

[Judge Hess] And, incidentally, you're gone for something more than the minimum because that's what an S.I.S. [suspended imposition of sentence] means. It won't be a minimum if you come back. Bear that in mind.

Defendant was represented by counsel at this sentencing hearing.

Defendant now claims that he either did not hear or did not understand Judge Hess's words. We reject this claim of error. Judge Hess clearly stated the consequences that would result if defendant violated the conditions of his probation. Neither defendant nor his counsel expressed any lack of comprehension at that time. Under these circumstances, we can find no due process violation.

In his fifth allegation of error, defendant alleges the trial court erred in denying his request for the production of documents pertaining to the sentences imposed on other persons convicted of selling marijuana in Jefferson County. In *Solem v. Helm, supra,* the Court stated that in determining whether a particular punishment is cruel and unusual "it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction." 463 U.S. at 291, 103 S.Ct. at 3010. Defendant thus argues that the requested documents were relevant to his claim that his sentence constituted cruel and unusual punishment.

A trial court's determination of the relevancy of a discovery request may be reversed only upon a showing of abuse of discretion. *Hoffman v. Hoffman,* 676 S.W.2d 817, 828 (Mo. banc 1984). Although the *Solem* decision indicates that the requested documents "may be helpful" in determining the cruel and unusual punishment issue, we do not interpret that decision to *require* the production of such documents in any case wherein the defendant raises a cruel and unusual punishment claim. Such a rule would prompt voluminous discovery requests and would serve only to exacerbate the problems of excessive delay and expense that already plague our criminal justice system. In the case before us, we have determined above that in view of the whole record defendant's sentence does not constitute cruel and unusual punishment. The requested records, although potentially relevant and helpful, would not alter our determination of this

issue. Accordingly, we hold that the trial court did not abuse its discretion in denying defendant's request for the production of documents.

█ In his final allegation of error, defendant alleges the trial court erred in denying defendant's request for an evidentiary hearing on his motion for postconviction relief. Under Rule 27.26, a movant is entitled to an evidentiary hearing only if he pleads facts which, if true, would entitle him to relief, and which are not refuted by the record. Movant must also show that the matters complained of have resulted in prejudice to him. *Baker v. State,* 680 S.W.2d 278, 281 (Mo.App.1984).

█ Defendant argues that two issues of fact entitled him to an evidentiary hearing: (1) whether his sentence was disproportionate to the sentences imposed on other defendants in Jefferson County and in other jurisdictions; and (2) whether defendant understood that if he violated the conditions of his probation he could be incarcerated for longer than his probationary period. Even assuming, however, that each of these factual issues would have been decided in defendant's favor, neither of them would have entitled him to relief. Accordingly, the trial court properly denied defendant's request for an evidentiary hearing.

Judgment affirmed.

KAROHL, P.J., and SIMON, J., concur.