Eugene SMITH, Appellant,

v.

STATE of Missouri, Respondent.

No. 52908.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 1988.

Steven Mark Davis, Hillsboro, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Eugene Smith, defendant, appeals from the trial court's order denying his Rule 27.26 motion without an evidentiary hearing. Defendant pled guilty on February 26, 1985, to one count of second degree burglary, in violation of RSMo § 569.170 (1986), and one count of stealing without consent, in violation of RSMo § 570.030 (1986), and he was sentenced to two concurrent seven year terms of imprisonment. On appeal, defendant argues that due to ineffective assistance of counsel his guilty plea was involuntary. Finding defendant's contention to be without merit, we affirm.

■ Initially, this court recognizes that once a defendant enters a plea of guilty to an offense, the issue of effectiveness of counsel is material only to the extent that it affects whether the guilty plea was made voluntarily and knowingly. *Sanders v. State*, 716 S.W.2d 844, 845 (Mo.App., E.D. 1986). The trial court, in its order which denied defendant's Rule 27.26 motion, decided that defendant's claim of ineffective assistance of counsel was refuted by the transcript of the guilty plea hearing; that is, defendant's plea of guilty was voluntary.

■ In a Rule 27.26 motion, appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). Findings of fact and conclusions of law are clearly erroneous only if upon a review of the entire record this court is left with the definite and firm impression that the trial court is mistaken. *Anderson v. State*, 487 S.W.2d 455, 460 (Mo.1972). We defer to the trial court's decision as to the voluntariness of a guilty plea absent a clear abuse of discretion.

*Hurd v. State*, 735 S.W.2d 438, 439 (Mo. App., E.D.1987).

■ Defendant asserts that the trial court should not have dismissed his Rule 27.26 motion without an evidentiary hearing. However, for a defendant to be entitled to an evidentiary hearing as to the voluntariness of a guilty plea, he must plead facts which if true would entitle him to relief. *Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980); *Deaton v. State*, 705 S.W.2d 70, 76 (Mo.App., E.D.1986). The allegation of mere conclusions, without any factual foundation, does not suffice. *See Jones v. State*, 697 S.W.2d 277, 278 (Mo.App., E.D.1985). Further, the defendant must demonstrate that such factual allegations are not refuted by facts elicited at the guilty plea proceeding. *Thomas v. State*, 605 S.W.2d at 794. For, if the record conclusively establishes that a defendant knowingly and voluntarily pled guilty, it is appropriate to deny him an evidentiary hearing on a motion alleging that the guilty plea was coerced. *Id.* at 794–95.

■ In the present case, defendant's allegation of coercion is clearly refuted by the record. Defendant's Rule 27.26 motion claimed that his counsel failed to adequately investigate his case; specifically, it alleged counsel did not contact certain witnesses. The transcript of the guilty plea hearing reveals the following:

Court: Have you had an opportunity to discuss with [your counsel] your intention to enter a plea of guilty to these charges?

Defendant: Yes, sir; I have.

Court: Do you at this time have any criticism of the legal services that he has provided for you?

Defendant: No, sir; he done me real good

. . . .

Court: Do you believe that you have fully discussed with him all the things that you have on your mind in making up

your mind about entering a plea of guilty to these charges?

Defendant: Yes, sir.

Court: And you have no criticism of the advice that he has given you in that discussion?

Defendant: No, sir.

....

Court: [H]as anybody threatened you in any way so as to cause you to enter a plea of guilty to these charges?

Defendant: [no]; they haven't.

Thus, the record plainly contradicts defendant's contention that his plea of guilty was not voluntary and, therefore, disposes of any right to an evidentiary hearing. *See Williams v. State*, 718 S.W.2d 542, 544 (Mo.App., E.D. 1986). The right to effective assistance of counsel is not the right to acquittal. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

The judgment of the trial court is affirmed.

CRIST and GRIMM, JJ., concur.