**John W. GRANNEMANN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 53331.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 19, 1988.

**416**

Richard K. Dowd, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jared R. Cone, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion without an evidentiary hearing. He was convicted after a bench trial of two counts of selling marijuana, § 195.020.1, RSMo 1986, and was sentenced to two consecutive six-year terms of imprisonment. The convictions were affirmed on appeal. *State v. Grannemann,* 715 S.W. 2d 563 (Mo.App.1986). We affirm.

Movant is entitled to an evidentiary hearing if he pled facts, not conclusions, entitling him to relief. *Chamberlain v. State,* 721 S.W.2d 139, 140 [1–3] (Mo.App.1986); *Deaton v. State,* 705 S.W.2d 70, 76 [11] (Mo.App.1985).

Movant alleged: (1) § 195.020 is unconstitutional in that the range of punishment represents cruel and unusual punishment in violation of movant's Eighth Amendment rights; (2) his consecutive sentences violated his constitutional rights in that his chances of parole or admission into a rehabilitative program were hindered; and (3) his trial "counsel made [a] gross tactical error in advising defendant to waive jury trial, in that 1 in 6 adults use marijuana and it was highly likely that a jury of defendant's peers would have understood the absurdity of the marijuana laws and used their powers of jury nullification to refuse to convict."

The first two grounds movant gives for vacating his sentences involve questions of law that can be decided without an evidentiary hearing. *Thomas v. State,* 605 S.W.2d 792, 794 [2] (Mo.banc 1980). Section 195.020, RSMo 1986, is constitutional, and the range of punishment provided therein does not represent cruel and unusual punishment. *Deaton,* 705 S.W.2d at 74–75 [4, 6]. And, a sentence within the statutory range is not grounds for vacating a sentence. *Hubbard v. State,* 706 S.W.2d 289, 290 [1] (Mo.App. 1986).

The third reason movant gives for vacating his sentence requires a belief that juries do not follow the instructions given them by the court. *See State v. Preston,* 673 S.W.2d 1, 7 [9, 10] (Mo. banc 1984), *cert. denied,* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1985) (jurors are presumed to follow the instructions). There is no need for an evidentiary hearing to find movant's third ground did not state facts showing he was prejudiced by his attorney's actions and entitled to relief.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.