Walter RUSSELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 54116.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 24, 1988.

Michael David Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant Walter Russell appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant pled guilty to second degree murder pursuant to a plea agreement. Movant was sentenced to forty years imprisonment to be served concurrently with the sentence imposed in a separate cause on an assault charge. On appeal movant argues that the motion court erred in denying his motion without an evidentiary hearing in that his allegations of ineffective assistance of counsel were sufficient to warrant an evidentiary hearing. We affirm.

Initially we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). Appellate courts must defer to the trial court's determination of the voluntariness of a guilty plea absent a clear showing of an abuse of discretion. *Hurd v. State*, 735 S.W.2d 438, 439 (Mo.App., E.D.1987). After a defendant enters a guilty plea to a charged offense, the issue of effectiveness of counsel is material only to the extent that it affects whether the defendant voluntarily and knowingly entered the plea. *Smith v. State*, 743 S.W.2d 900, 901 (Mo.App., E.D. 1988).

On appeal movant asserts that the motion court erred in failing to grant an evidentiary hearing. Movant argues that he alleged sufficient facts, unrefuted by the record, which required the court to hold a hearing. But in its findings of fact and conclusions of law, the motion court ruled that movant's allegations of ineffective assistance were refuted by the guilty plea transcript. In order to be entitled to an evidentiary hearing as to the voluntariness of a plea, movant must plead facts which if true would entitle him to relief. *Deaton v. State*, 705 S.W.2d 70, 76 (Mo.App., E.D. 1986). Movant must demonstrate that the allegations are not refuted by facts elicited at the guilty plea hearing. *Smith*, 743 S.W.2d at 901. Movant maintains that he failed to understand that he could plead not guilty and instead have a jury trial. Movant also states that defense counsel instructed him to merely answer in the affirmative to the "litany of questions" put to him by the judge. These assertions are clearly refuted by the record:

[Court]: Do you understand, Mr. Russell, that you have a right to a trial, and that trial can either be with a Judge or with a jury, but when you plead guilty you give up that right to trial, and there will be no trial. Do you understand that?

[Movant]: Yes.

. . . .

[Court]: You appear to be in full control of your faculties to this Court. In other words, I think you know what you're doing. Do you know what you're doing?

[Movant]: Yes.

[Court]: Tell me what you're doing.

[Movant]: I'm pleading guilty to Second Degree Murder on the strength that I was supposed to have knowledge that this other individual was shooting another individual and killing him. I'm pleading guilty to the thought that I helped him kill him; that I put the thought in Anthony Searcy's mind to kill Lonnie Goodrich.

[Court]: Well, you know, Mr. Russell, either you did it or you didn't do it, and now is the time to either straighten up or—it's not my intention or the intention of either of these attorneys to jackknife you into the penitentiary for any more time than you've already got. Do you understand?

[Movant]: Yes.

[Court]: If you knew this guy was going to be killed and you assisted and helped him do it in some way, shape or form, I'm going to take your plea. If you didn't know he was going to do it and didn't participate, I'm not going to take your plea. I want to make certain that I'm not just going to put somebody in jail. The question is, if you did it, fine, let's proceed with it. If you didn't do it, let's get a jury. What do you want to do?

[Movant]: Accept the plea.

Movant's assertion that counsel served no function is also refuted by his stated satisfaction with her performance:

[Court]: [Defense counsel] has appeared in this court before. She has done an excellent job for people. She has won many cases. In fact, she's won more cases in front of me than she's lost. What I'm trying to say is she'll do a good job for you. Knowing that, do you still wish to plead guilty?

[Movant]: Yes.

[Court]: Do you have any complaints about the manner in which she's handled your case?

[Movant]: No.

[Court]: Are you satisfied with her legal services?

[Movant]: Yes.

[Court]: Have you had an adequate opportunity to discuss your case with her?

[Movant]: Yes.

The guilty plea transcript clearly supports the motion court's disposal of movant's motion without an evidentiary hearing. For, the record clearly contradicts movant's contention that his guilty plea was involuntary. *Williams v. State*, 718 S.W.2d 542, 544 (Mo.App., E.D.1986).

Finding movant's argument to be without merit, we affirm.

REINHARD and CRIST, JJ., concur.