Timothy E. SIMMONSEN, Movant,

v.

STATE of Missouri, Respondent.

No. 54950.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 14, 1989.

Briscoe & Hardcastle, Michael Hardcastle, St. Louis, for movant.

William Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals from an order denying post conviction relief under former Rule 27.26, repealed effective January 1, 1988, and replaced by Rule 24.035. On December 18, 1986, movant pled guilty to robbery first degree, kidnapping and armed criminal action. He waived his right to a presentence investigation and was sentenced on all charges. The motion alleged, in general terms, ineffective assistance of counsel for failure to interview the complaining witness and a co-defendant. It also alleged trial counsel inaccurately informed movant that after a trial he could be found a class "X" offender. The motion court had the benefit of the plea transcript. It found movant testified he pled guilty because he was guilty and for no other reason; he discussed the entire case with trial counsel and gave her the names of no witnesses because there were none other than the co-defendants; he was satisfied with counsel's investigation and that she did everything asked of her by movant. The motion court found that no evidentiary hearing was required because the matters raised by motion were refuted by the plea transcript.

Movant's only claim before this court is the motion court erred in denying an evidentiary hearing. He argues trial counsel failed to properly investigate *possible* witnesses and defenses. He argues an investigation would have "discovered that the complaining witness was not kidnapped, but that he entered the car occupied by appellant and his co-defendants voluntarily." Finally, he argues his trial counsel "frightened" him in December, 1986, by explaining that his sentence might be longer if he waited for a trial after January 1, 1987, the date class "X" sentencing became effective.

Each of the claims made by movant are refuted by the plea record or will not support post conviction relief. Ineffectiveness of counsel is relevant after a guilty plea only to the extent that it affected the voluntariness of the plea. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979). *Russell v. State*, 755 S.W.2d 704, 705 (Mo.App. 1988); *Dehart v. State*, 755 S.W.2d 611,

613 (Mo.App.1988). The plea transcript supplies movant's testimony that he entered the plea of guilty to three charges because he was guilty and for no other reason and that he did so without threat, force or promise. This testimony and the further testimony of movant that: (1) he was satisfied with the efforts of his attorney; (2) the only witnesses were participants; and, (3) counsel had done all requested acts supports the decision of the trial court that the pleas of guilty were voluntary. It also disposes of the belated complaint about sentencing. This finding is supported by the plea transcript and is not clearly erroneous. Rule 27.26(j). We affirm.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.