**David KOCH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55576.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 11, 1989.

Steven E. Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant was convicted of sodomy, § 566.060, RSMo 1986, pursuant to a guilty plea and was sentenced to ten years' imprisonment. We affirm.

In his Rule 24.035 motion, movant alleged his guilty plea was involuntarily and unintelligently entered due to ineffective

**632**

assistance of counsel. More specifically, movant alleged defense counsel failed to interview proposed defense witnesses, failed to investigate the facts and circumstances surrounding the crime, and failed to interview the witnesses endorsed by the prosecutor. No further facts were contained in the motion to support these allegations.

To be entitled to an evidentiary hearing on a motion for postconviction relief, a movant must state facts, not conclusions, which if true, warrant relief and which are not refuted by the record. In addition, the matters complained of must have resulted in prejudice to movant. *Thomas v. State,* 736 S.W.2d 518, 519[1] (Mo.App.1987).

Movant's motion is deficient in two respects. It is devoid of facts in support of the conclusions contained therein. Moreover, the allegations are refuted by the record of the guilty plea hearing where movant testified his attorney had investigated the case to his satisfaction and interviewed all the witnesses known to movant. *See Smith v. State,* 743 S.W.2d 900, 901[5] (Mo.App.1988) (to be entitled to an evidentiary hearing as to the voluntariness of a guilty plea, the allegations contained in the motion must not be refuted by the facts elicited at the guilty plea proceeding). For these reasons, the trial court's denial of movant's 24.035 motion without an evidentiary hearing was not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.