Clifford WILLIAMS, Appellant,

v.

STATE of Missouri, Respondent.

No. 55409.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 24.035 motions without an evidentiary hearing. We affirm.

Movant seeks relief from convictions resulting from two different incidents. On

August 5, 1985, movant pled guilty to one count of burglary in the first degree and one count of stealing over $150, and he was sentenced to two concurrent five-year sentences. On August 25, 1986, movant again appeared before the circuit court and pled guilty to two counts of tampering in the first degree and one count of escape from confinement. He was sentenced to seven years on each tampering charge and to five years on the escape charge. These three sentences are to run concurrently with each other, but consecutively to the sentences movant received from the August 5, 1985 convictions. Movant was represented by different counsel at each plea hearing.

Movant filed two 27.26 motions, one for each plea hearing. The trial court consolidated the two motions and heard them together. Because these motions were not filed until after January 1, 1988, the trial court treated them as having been filed under Rule 24.035. *See* Rule 24.035(*l*).

Movant asserts his pleas of guilty were involuntary. He contends he was coerced into pleading guilty because, on both occasions, his attorneys failed to prepare a defense.

Rule 24.035(g) provides movant is not entitled to an evidentiary hearing "if the motion and the files and record of the case conclusively show that the movant is entitled to no relief...." Our review of the motion court's decision is limited to whether its findings and conclusions are clearly erroneous. Rule 24.035(j).

As facts to support his allegations of ineffective assistance of counsel, movant stated in his *pro se* motions that he did not fully understand the consequences of his plea, and he was under emotional stress. In his amended motion consolidating both pleas, movant stated his pleas were "unknowing" due to the coercive manner in which his attorneys pressured him to plead guilty. These allegations are conclusory and unsupported by facts, and further, make no mention of either counsel being unprepared. Movant was extensively questioned at each plea hearing as to whether he was satisfied with the performance of his counsel. On both occasions, movant expressed satisfaction with his counsel's performance in preparing and investigating the case, and on neither occasion had movant been threatened or forced to plead guilty. Because the record conclusively establishes movant knowingly and voluntarily pled guilty on both occasions, it was proper to deny him an evidentiary hearing on his allegations his pleas were coerced. *Smith v. State*, 743 S.W.2d 900, 901[5] (Mo.App.1988).

Judgment affirmed.

CRANDALL, P.J., and DOWD, J., concur.