Terry Edward McSHAN, Movant,

v.

STATE of Missouri, Respondent.

No. 55593.

Missouri Court of Appeals,
Eastern District,
Division One.

May 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 11, 1989.

Application to Transfer Denied
Sept. 12, 1989.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

---

CRANDALL, Presiding Judge.

Movant, Terry E. McShan, appeals from the denial of his Rule 24.035 motion without an evidentiary hearing. Movant had previously entered a plea of guilty to the charges of second degree murder and assault in the second degree and had been sentenced to concurrent terms of imprisonment of twenty years and seven years, respectively. We affirm.

On appeal, movant alleges that he received ineffective assistance of counsel because his appointed counsel failed to investigate the State's witnesses and otherwise failed to adequately prepare movant's defense. Movant contends that his fear of going to trial without an adequately prepared defense induced his plea of guilty, thus rendering it involuntary.

The issue of effectiveness of counsel is material only to the extent it affects whether a plea has been voluntarily and knowingly made. *Smith v. State*, 743 S.W.2d 900, 901 (Mo.App.1988). In the instant case, movant, while under oath during the guilty plea proceeding, unequivocally indicated that he was entering a plea of guilty of his own free will. He further indicated that he was completely satisfied with the representation he had received. Moreover, movant expressly admitted that he had committed the crimes with which he had been charged. Movant was given ample opportunity to express to the court any reservations he may have had concerning his guilty plea.

Movant, however, directs our attention to a letter received by the trial court in which he expressed dissatisfaction with his appointed counsel prior to the plea proceeding. It is clear that movant's sworn testimony during his plea proceeding expressly disavowed such previous dissatisfaction.

The transcript of movant's guilty plea proceeding directly refutes his allegation that his plea was involuntary. Rule 24.035 does not entitle movant to an evidentiary hearing under such circumstances. *See* *Smith*, 743 S.W.2d at 902. The motion court did not clearly err in denying movant's motion without an evidentiary hearing. *See* Rule 24.035(j). Movant's point is denied.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.