Calvin TIPTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 60979.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 25, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 23, 1992.

Application to Transfer Denied
Oct. 27, 1992.

David C. Hemingway, David Bruns, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant appeals the denial of his Rule 24.035 motion. Movant had previously entered a plea of guilty to possession of phencyclidine (PCP) in violation of § 195.202 R.S.Mo. (Cum.Supp.1989) and was sentenced to a term of three years in the Missouri Department of Corrections. In his single point on appeal movant states that the motion court erred wherein it failed to grant his motion requesting an evidentiary hearing on his Rule 24.035 motion. As to why this was error, movant alleges that his plea was involuntary because his counsel failed to properly investigate his case. We note that movant's point fails to comply with Rule 30.06(d) in that his statements of wherein and why the motion court erred are inconsistent. "A point relied on, after identifying the alleged erroneous ruling of the motion court, must specify why the ruling was erroneous." *State v. Root,* 820 S.W.2d 682, 686[6, 7] (Mo.App.1991). The allegation that mov-

ant's plea was involuntary because his counsel failed to investigate his case does not explain why the motion court erred in failing to grant movant's motion for an evidentiary hearing. In the interest of fairness, and to dispose of the case on its merits, we will address the issues we glean from movant's point and argument. *State v. Dusso,* 760 S.W.2d 546, 547[1] (Mo.App. 1988).

Movant's point and argument basically raises two points of error, the denial of his request for an evidentiary hearing and the denial of his claim that his plea was involuntary due to ineffective assistance of counsel.

Review of the denial of a postconviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j). The motion court's findings and conclusions are deemed clearly erroneous only if a full review of the record leaves us with a definite and firm impression that a mistake has been made. *McPherson v. State,* 818 S.W.2d 708, 709[1] (Mo.App.1991). To be entitled to an evidentiary hearing, movant must: 1) allege facts, not conclusions, which, if true, would warrant relief and these facts raise matters not refuted by the record and files in the case, and 2) the matters complained of must have resulted in prejudice to him. *Gillespie v. State,* 785 S.W.2d 725, 726[1] (Mo.App.1990). If an examination of movant's guilty plea proceeding directly refutes his allegation that his plea was involuntary he is not entitled to an evidentiary hearing. *McShan v. State,* 774 S.W.2d 846, 847 (Mo.App.1989). The issue of defense counsel's effectiveness is material only to the extent that it affects whether the guilty plea was made knowingly and voluntarily. *McShan,* 774 S.W.2d at 847.

Initially movant argues that he should have received an evidentiary hearing on his motion. In his amended motion movant alleged:

that the policeman who testified at the preliminary hearing that he seized the drugs in fact did not stop [movant] and

never searched [movant] and thus could not have seized any drugs from [movant]. The movant would have told defense counsel that the policeman who wrote him the traffic tickets was the policeman who allegedly seized the drugs.

We note movant has failed to allege what the ticketing officer's testimony would have been. The record reveals that during the guilty plea proceeding, movant stated that: 1) he was entering a plea of guilty of his own free will; 2) there were no witnesses that he thought would be helpful in his defense; 3) he was satisfied with the representation he had received, his attorney's investigation of his case and the amount of time she spent with him. The court explained movant's rights at trial in detail and movant stated that he understood them. Moreover, movant admitted that he had committed the crime with which he had been charged. He was given ample opportunity to express to the court any reservations he may have had concerning his guilty plea. Thus, an examination of guilty plea proceeding and the entire record clearly indicates that movant was not entitled to an evidentiary hearing.

Movant's second contention is that his plea was involuntary due to ineffective assistance of counsel in that his counsel did not investigate the case. In his argument movant contends that he was given the choice of going to trial with an unprepared attorney or pleading guilty. He argues that if his attorney had conducted a reasonable investigation of his case she would have discovered the alleged conflict in the testimony of the two officers, which would have improved his position at trial and it is likely his attorney would have changed her recommendation as to whether or not he should have pled guilty. Counsel is not ineffective for failing to investigate a witness who would not provide a viable defense or discover impeachment evidence which does not give rise to a reasonable doubt of movant's guilt. *State v. Twenter*, 818 S.W.2d 628, 640[21] (Mo. banc 1991). Whether movant was prejudiced by counsel's failure to investigate will depend on the likelihood that the undiscovered evidence would have led counsel to change her recommendation as to movant's plea. *Klien v. State*, 704 S.W.2d 721, 722–733[2, 3] (Mo.App.1986). Movant has failed to allege what the testimony of the ticketing officer would have been but in any event, there is no indication in the record that such testimony would provide a viable defense to the crime charged or give rise to a reasonable doubt as to movant's guilt. Movant's only claim is that the testimony of one officer would impeach the other. It is doubtful that impeachment evidence alone would have indicated a change in movant's plea, absent substantiating evidence that movant did not possess the PCP or that the seizure was illegal. *Twenter*, 818 S.W.2d at 640[21]. Further, the record indicates, as noted in our discussion of movant's other point, the guilty plea proceeding clearly indicates that movant was satisfied with his counsel's representation.

Judgment affirmed.

CARL R. GAERTNER, P.J., and AHRENS, J., concur.