STATE of Missouri, Plaintiff/Respondent,

v.

Terry Lee ZOELLNER, Defendant/Appellant.

No. 68262.

Missouri Court of Appeals, Eastern District, Division One.

April 16, 1996.

**134**

James W. Hahn, II, Marcia A. Mulcahy, Hahn & Mulcahy, Cape Girardeau, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Assistant Attorney General, Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals after he was convicted following a bench trial of one count of driving while intoxicated (DWI), § 577.010, RSMo 1986. The court sentenced him as a persistent offender to a prison term of three years but suspended execution of the sentence and placed defendant on supervised probation for five years. We affirm.

The evidence reveals that on September 5, 1994, at approximately 3:00 p.m., David Valentine, a sergeant with the Cape Girardeau County Sheriff's Department, was driving north on Highway 61 near Fruitland, Missouri, when he encountered a southbound silver and gray pick-up truck which crossed the center line and forced Valentine to veer partially off of the road to avoid being struck. Valentine immediately activated his emergency lights, turned around, and attempted to pull the truck over. According to Valentine, the truck crossed the center line three or four times and ran off the road once before complying. Upon approaching the vehicle, Valentine observed "something that appeared to be vomit" running down the side of the truck. Valentine asked defendant, the driver of the truck, for his driver's license and noted that defendant spoke with slurred speech, had watery, bloodshot eyes, and had "a strong odor" of alcohol on his breath. Defendant lost his balance when he exited the truck, and Valentine grabbed him to prevent his fall. Valentine recalled that because defendant's condition made it unsafe to perform field sobriety tests on the side of the road, he arrested defendant and administered the field sobriety tests at the sheriff's office. Defendant's performance on the tests indicated that he was intoxicated, and a breath test revealed that defendant had a blood alcohol content of .24 percent.

After being advised of his *Miranda*[1] rights, defendant admitted that he had drunk six or seven "whiskey and Coke[s]" at a bar in Perryville and confessed that he had been operating his vehicle while under the influence of alcohol.

Using defendant's 1988 and 1990 municipal convictions for DWI, the court sentenced defendant as a persistent offender under § 577.023, RSMo Supp.1993.

On appeal, defendant initially asserts that the legislature did not intend for § 577.023 to apply to municipal violations occurring prior to the amendment of the statute in 1991.[2]

Section 577.023.1, RSMo Supp.1993, the law in effect on the day Sergeant Valentine observed defendant driving while intoxicated, provides:

---

1. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706–07 (1966).

2. Prior to 1991, municipal convictions could not be used for § 577.023 sentence enhancement. *See* § 577.023, RSMo 1986.

(1) An **"intoxication-related traffic offense"** is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing;

(2) A **"persistent offender"** is a person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses, where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged[.]

The statute does not limit the use of municipal convictions with the phrase "after the effective date" of the statute. *See Barbieri v. Morris,* 315 S.W.2d 711, 714 (Mo.1958). Defendant's interpretation of the amendment is not supported by the language of the statute.

Defendant further argues that because his 1988 and 1990 municipal convictions could not be used for sentence enhancement at the times they occurred, using them for sentence enhancement under § 577.023, RSMo Supp. 1993 constituted an *ex post facto* violation.

■ To establish that a law constitutes an *ex post facto* violation, a defendant must establish that the law was applied retrospectively and disadvantaged the defendant. *State v. Wings,* 867 S.W.2d 607, 608 (Mo.App. E.D.1993). A law disadvantages a defendant if it: 1) declares an act to be criminal which was not criminal when committed, 2) aggravates a crime or makes it greater than it was, 3) increases the punishment for a crime, or 4) alters the rules of evidence to allow less or different testimony. *Id.* at 609.

■ In general, sentence enhancement statutes withstand constitutional attacks. *State v. Acton,* 665 S.W.2d 618, 619 (Mo. banc 1984). Such statutes do not punish a defendant for his prior convictions; rather, they punish him as a repeat offender for his latest offense on the basis of a demonstrated propensity for misconduct. *Id.*

■ Defendant asserts an *ex post facto* violation occurred because the law retrospectively enhanced the punishment for his municipal convictions by allowing them to be used for sentence enhancement. However, the new statute did not affect the sentences imposed upon defendant for his 1988 and 1990 convictions. Rather, it established the punishment for defendant's third offense, which occurred after the effective date of the statute. *See Acton,* 665 S.W.2d at 619. Defendant could have avoided the disadvantage arising from the statutory amendment by acting in conformity with the law. *See State v. LaPlant,* 673 S.W.2d 782, 784 (Mo. banc 1984). Thus, we conclude that the use of the 1988 and 1990 municipal convictions under § 577.023, RSMo Supp.1993 did not constitute an *ex post facto* violation.

Defendant also asserts that his right to due process was violated because § 577.023, RSMo Supp.1993 improperly treats municipal ordinance violations as criminal offenses.

■ Defendant does not contend that the alleged due process violation infringed upon a fundamental right; therefore, we review his claim under the rational basis test. *Deaton v. State,* 705 S.W.2d 70, 74 (Mo.App. 1985). The rational basis test requires only that the challenged law bear some rational relationship to a legitimate state interest. *Id.* Legislatures are thus afforded broad discretion in attacking social and economic problems, so long as they act in a rational manner. *Id.* The challenger bears the burden of showing that the law is wholly irrational. *Id.*

■ In his brief, defendant acknowledges "driving while intoxicated is a serious public concern...." Clearly, the purpose of this statute is to deter prior DWI offenders, whether convicted in municipal or state court, from repeating the offense and "to severely punish those who ignore the deterrent message." *See A.B. v. Frank,* 657 S.W.2d 625, 628 (Mo. banc 1983). Thus, as the law is supported by a "rational basis", we reject defendant's substantive due process claim.

■ Defendant further contends that his right to due process was violated because:

[Defendant] had no reason to believe nor did he know that by entering pleas to two

municipal driving while intoxicated charges in 1988 and 1990, that he was "two-thirds of the way" to a felony offense even though said pleas or convictions were clearly at the time under the law of Missouri not criminal offenses or criminal convictions.

In *State v. Acton*, 665 S.W.2d 618, the Missouri Supreme Court noted that a trial court is not required to inform a defendant who pleads guilty that the legislature may amend the law in the future. *Id.* at 620–21. Defendant's alleged lack of notice that the sentence enhancement law was amended to include municipal convictions did not violate his procedural due process rights.

Next, defendant asserts that the statute "denies equal protection to those convicted of municipal drunk driving ordinances by treating them differently from persons convicted of any other kind of municipal ordinance violation for purposes of future enhancement of criminal penalties."

 "[A] legislature need not 'strike at all evils at the same time' ... and 'reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.' " *Collins v. Director of Revenue*, 691 S.W.2d 246, 250 (Mo. banc 1985) (citations omitted). There is no constitutional mandate that every law reach every classification to which it might apply. *Id.* We have reviewed defendant's point and entire argument and conclude that he was not denied equal protection of the laws.

 Finally, defendant asserts that his conviction violated the Double Jeopardy clauses of the United States and Missouri Constitutions because he had previously been punished for his September 5, 1994 conduct through the administrative suspension of his driver's license. The Missouri Supreme Court recently rejected this argument in *State v. Mayo*, 915 S.W.2d 758 (Mo. banc 1996). Defendant's point is without merit.

Judgment affirmed.

KAROHL and DOWD, JJ., concur.