**James E. BRIGHT, Appellant,**

v.

**Nia RAY, Director of the Missouri Department of Revenue, et al., Respondents.**

**No. ED 104934**

Missouri Court of Appeals, Eastern District, DIVISION TWO.

FILED: May 23, 2017

FOR APPELLANT: Richard B. Blanke, 906 Olive Street, Suite 300, St. Louis, MO 63101.

For Respondent—Town and Country Police Department: J. Patrick Chassaing, 130 S. Bemiston Ave., Suite 200, Clayton, Missouri 63105.

For Respondent—Missouri State Highway Patrol and Nia Ray: Katharine A. Dolin, P.O. Box 899, Jefferson City, Missouri 65102.

ROY L. RICHTER, Judge

James E. Bright ("Petitioner") appeals from a judgment of the Circuit Court of St. Louis County denying his petition for expungement of records under Section 577.054, RSMo. 2000, after he pled guilty to an amended charge of careless and imprudent driving under Section 320.060 of the Town and Country City Code. The circuit court granted motions to dismiss Petitioner's petition, which were filed by the Missouri State Highway Patrol and the City of Town and Country (collectively, "Respondents"). We affirm.

## I. Background

On September 5, 2002, the Town and Country Police Department arrested Petitioner and charged him with driving while intoxicated ("DWI"), pursuant to Section 345.020 of the Town and Country City Code, which provided that "[a] person commits the offense of 'driving while intoxicated' if he/she operates a motor vehicle while in an intoxicated and/or drugged condition."

On December 20, 2002, as part of a negotiated plea bargain with the Town and Country prosecuting attorney, Petitioner pled guilty to an amended charge of "careless and imprudent driving" under Section 320.060 of the Town and Country City Code. Petitioner also received a suspended imposition of sentence, conditioned on a one-day probation and the successful completion of the Substance Abuse Traffic Offenders' Program ("SATOP").

On April 9, 2003, the Missouri Department of Revenue suspended Petitioner's driver's license for 90 days, which was an independent administrative suspension based upon a finding of probable cause to believe that Petitioner was driving a motor vehicle while his alcohol concentration was at or above the limit provided in Section 302.505.

On October 29, 2013, Petitioner filed a petition for expungement in the Town and Country Municipal Court, which was denied without a hearing based on the fact that under Section 577.054, Petitioner was ineligible to have the records expunged because careless and imprudent driving is not an "alcohol-related offense." Petitioner then sought a trial de novo of the municipal judge's decision in the circuit court of St. Louis County, which was dismissed pursuant to Section 479.200, giving only defendants a right to a trial de novo. Petitioner appealed and this Court affirmed. Bright v. Town and Country Police Dept., 449 S.W.3d 401 (Mo. App. E.D. 2014). Petitioner's motions for rehearing and application for transfer to the Supreme Court were subsequently denied.

Petitioner then filed an application for prohibition and/or mandamus in the circuit court, requesting that the municipal judge be prohibited from ruling that careless and imprudent driving is not an alcohol-related driving offense and be mandated to hold an evidentiary hearing. The circuit court directed the municipal court to rehear the case. After a hearing on the petition for expungement, the court reached the same conclusion as before: careless and imprudent driving is not an alcohol-related driving offense. Petitioner appealed to this court, which found that the municipal court lacked jurisdiction over the expungement petition and reversed and remanded for dismissal. Bright v. Mollenkamp, 482 S.W.3d 467 (Mo. App. E.D. 2016). Petitioner then refiled his petition in the St. Louis County Circuit Court, which granted Respondents' motions to dismiss Petitioner's petition, finding that Petitioner's conviction for careless and imprudent driving is not an "alcohol-related driving offense." This appeal follows.

Petitioner has not been convicted of any "alcohol-related driving offenses" after his

guilty plea for careless and imprudent driving in the Town and Country Municipal Court in 2002, and Petitioner's driver's license operator status is currently valid. At no time has Petitioner had a commercial driver's license in this or any other state.

## II. Discussion

Petitioner raises one point on appeal, which has multiple parts. He argues the circuit court erred in granting Respondents' motions to dismiss, thereby denying Petitioner's petition for expungement under Section 577.054, because he met all the statutory requirements, including pleading guilty to an "alcohol-related driving offense." He argues the following reasons: (A) Petitioner's guilty plea to careless and imprudent driving in this case is a plea to a driving offense which is clearly "connected by reason of an established or discovered relation" to alcohol; (B) the prospective repeal of Section 577.054 and replacement of the same with Section 610.130 further supports the construction and interpretation of "alcohol-related driving offense" urged by Petitioner; (C) the definition of "alcohol-related driving offense" as contained in Section 302.545 of the Town and Country City Code provides some guidance to its meaning in Section 577.054; and (D) restrictively interpreting the term "alcohol-related driving offense" to exclude a plea-bargained traffic offense amended from the DWI with which Petitioner was initially charged would constitute a constitutional violation of Petitioner's equal protection and due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 10 of the Missouri Constitution.

### A. Standard of Review

■ This case was submitted to the trial court upon a stipulation of facts and procedural history, and a correction to that stipulation. The only question on appeal for this Court is a question of law: whether Petitioner's guilty plea to careless and imprudent driving constituted a guilty plea to an "alcohol-related driving offense" as it is used in Section 577.054. "When, as here, a court-tried case is submitted on stipulated facts, however, then the only question before the Court is 'whether the trial court drew the proper legal conclusions from the facts stipulated.' The Court reviews questions of law _de novo_." Junior Coll. Dist. of St. Louis v. City of St. Louis, 149 S.W.3d 442, 446 (Mo. banc 2004) (internal citations omitted).

### B. Analysis

■ In its Memorandum, Order and Judgment, the trial court concluded that the ordinance violation of careless and imprudent driving, to which Petitioner pled guilty in the municipal court of Town and Country, is not an "alcohol-related offense" within the meaning of Section 577.054. The court noted that there are many ways to drive "carelessly and imprudently" within the meaning of the ordinance to which Petitioner pled guilty, and not all of them involve alcohol. Further, it reasoned that "careless and imprudent" driving is an offense of commission while DWI is a status offense, and that Petitioner accepted the benefit of his bargain when he accepted a plea to the lesser charge (although he negotiated himself out of the purview of Section 577.054 in doing so) and that Petitioner's argued-for result could create the risk of unfair disparity between various petitioners.

Resolution of these issues require us to examine the language set out in Section 577.054 and Section 304.012 of the Missouri statutes, as well as Section 320.060 of the Municipal Code of the City of Town and Country. "The primary rule of statuto-

ry construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." Treasurer of State— Custodian of Second Injury Fund v. Witte, 414 S.W.3d 455, 461 (Mo. banc 2013) (quoting State ex rel. Nixon v. QuikTrip Corp., 133 S.W.3d 33, 37 (Mo banc 2004)). If the language is unambiguous, the Court "must give effect to the legislature's chosen language." Id. (internal citations omitted). Only where the language is ambiguous will the Court resort to other rules of statutory construction. Id.

Section 577.054 allows a petitioner to move for expungement when: (1) He has pleaded guilty to or been convicted of an alcohol-related driving offense; (2) The offense is the petitioner's only alcohol-related driving offense; (3) The offense is a misdemeanor or a county or city ordinance violation; and (4) The offense is not a conviction for driving a commercial motor vehicle while under the influence of alcohol.

To expunge Petitioner's guilty plea or conviction under Section 577.054, Petitioner must have "pleaded guilty to or been convicted of alcohol-related driving offense." Therefore, it is the offense to which the person pled guilty that must be alcohol-related, not the arrest or original charge leading to the plea. Petitioner was arrested for "driving while intoxicated by alcohol," but he pled guilty to "operating a motor vehicle in a careless and imprudent manner." Although the arrest was related to alcohol, the statute for expungement specifies that the petitioner must have pled guilty to "an alcohol-related driving offense," not an "alcohol-related driving arrest" that resulted in a plea bargain to a lesser offense. Neither does Petitioner's administrative alcohol suspension or probation and requirement to complete the SATOP have any bearing to the applicability of this statute.

Petitioner argues that careless and imprudent driving in this case is a driving offense which is alcohol related, and that therefore, the municipal court erred in denying Petitioner's motion for expungement under Section 577.054. We disagree. The particular term "alcohol-related driving offense" is not statutorily defined in Chapter 577,[1] so it is therefore given its plain meaning. State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010). Petitioner argues that the word "related" means "having a relationship;" "connected by reason of an established or discoverable relation;" or "having similar properties." Webster's Third New International Dictionary, 1916 (1976). Petitioner thus claims that "alcohol-related driving offenses" should include offenses "having a relationship" with alcohol or offenses which are "connected by reason of an established or discoverable relation to alcohol." However, on its face, "careless and imprudent driving" is not an "alcohol-related driving offense" and has no relationship to such offense.

Both Petitioner and the State argue that Section 302.545 provides some guidance in determining the meaning of "alcohol-related driving offense" as it is used in Section 577.010. Section 302.545 does use the phrase "alcohol-related driving offense,"

---

1. As of January 1, 2017, however, "Intoxication-related traffic offense," is defined in Section 577.001 as:

driving while intoxicated, driving with excessive blood alcohol content, driving under the influence of alcohol or drugs in violation of a county or municipal ordinance, or an offense in which the defendant was operating a vehicle while intoxicated and another person was injured or killed in violation of any state law, county or municipal ordinance, any federal offense, or any military offense.

and it is in regard to zero-tolerance license suspensions for minors. Section 302.545 states that minors "convicted of any alcohol-related driving offense" are not eligible to have their records expunged by the Department of Revenue. Subsection 2 of the statute provides a non-exclusive list of what an "alcohol-related driving offense" includes: (1) driving while intoxicated (DWI) pursuant to Section 577.010; and (2) excessive blood alcohol content (BAC) pursuant to Section 577.012. While Petitioner argues that this expressly provides that alcohol-related driving offenses which will disqualify petitioners from expungement thereunder include, but are not limited to DWIs and excessive BACs and therefore leaves room for including a careless driving offense, the State, on the other hand argues that careless and imprudent driving is not listed for a reason: it does not involve the use of alcohol. Based on the plain, unambiguous meaning of the language used in the statute, we give effect to the legislature's chosen language and need not resort to statutory construction that attempts to determine the legislative intent by comparing other statutes.

Bright argues that the fact that Section 577.054 has been replaced by Section 610.130, which will employ a different and narrower term ("intoxication-related traffic offense") than the "alcohol-related driving offense" used in Section 577.054, supports the construction that Petitioner urges. We disagree. We believe the legislature merely clarified that the offense not only related to alcohol, but more specifically, related to the intoxication by alcohol or other drugs.

Careless and imprudent driving is an offense described in Section 304.012 of the Missouri statutes and states, "Every person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endan-

ger the property of another or the life or limb of any person and shall exercise the highest degree of care." Similarly, Section 320.060 of the Municipal Code of the City of Town and Country, which section Petitioner was convicted, provides that "[e]very person operating a motor vehicle within this City shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." Neither the state statute nor the ordinance mention anything about alcohol or intoxication, and a prosecutor would not have to prove that alcohol was involved or that the driver was intoxicated to sustain a conviction.

If courts accepted Petitioner's interpretation that the offense of careless and imprudent driving constitutes an alcohol-related offense pursuant to Section 577.054 based on the initial charges or surrounding circumstances rather than the elements of the offense as written in the statute, this could essentially rewrite the statute and open the door to a much broader use of the expungement statute. Based on Petitioner's argument, simply demonstrating surrounding circumstances to a traffic violation such as having an open container of an alcoholic beverage in the car could then be expunged. Moreover, one could seek expungement of a moving violation that was part of a plea agreement and suspended imposition of sentence in a first-time offender's driving while intoxicated charge. We do not wish to add meaning to the expungement statute or the careless and imprudent driving statute beyond what the legislature clearly intended based on the plain meaning of the language used. This Court did not make the law, but is obligated to enforce the law as enacted by the legislature. We defer to the plain language of the statutes here rather than defining terms by the surrounding facts of the case.

Furthermore, Petitioner does not contend that the alleged due process violation infringed upon his fundamental right; therefore, we review his claim under the rational basis test. State v. Zoellner, 920 S.W.2d 132, 135 (Mo. App. E.D. 1996). The rational basis test requires only that the challenged law bear some rational relationship to a legitimate state interest. Id. "Legislatures are thus afforded broad discretion in attacking social and economic problems, so long as they act in a rational manner. The challenger bears the burden of showing that the law is wholly irrational." Id. Section 577.054 was enacted for the purpose of relieving those who suffered the prescribed statutory repercussions and can demonstrate that they should no longer suffer the consequences of a plea of guilty to driving while intoxicated. The rational basis for granting such relief or denying it from those who do not suffer the consequences is related to the state's legitimate interest in punishing and deterring drunk driving, and in providing relief to those who have suffered consequences of a guilty plea to driving while intoxicated. By Petitioner choosing to plead to a non-alcohol-related driving offense and avoid the consequences of a conviction of an alcohol-related driving conviction, Petitioner received the benefit of his bargain. He cannot now return to receive more benefits reserved for those who suffered the consequences of a guilty plea to driving while intoxicated, which Petitioner avoided. He cannot have expunged the conviction that he, by his own choosing, negotiated out of the benefits of Section 577.054. Petitioner argues that both he and his attorney were reasonable to assume that he would continue to receive the benefit of expungement under Section 577.054 at the time of the 2002 municipal proceeding; however, the letter of the law is clear now and was clear then that the petitioner must have pled guilty to "an alcohol-relat-ed driving offense," not an alcohol-related driving arrest that resulted in a plea bargain to a lesser offense. Petitioner has no constitutional right to expungement of his records, and has failed to show a property interest in having his records expunged. The trial court's decision denying expungement under Section 577.054 did not violate Petitioner's rights under the due process clauses.

Petitioner's point, including all its parts, are denied.

### III. Conclusion

The judgment of the trial court is affirmed.

Sherri B. Sullivan, P.J., concurs.

Colleen Dolan, J., concurs.